### No. 1849.—J. W. ZACHARIE *v.* C. LYONS, Administratrix.

If the record shows that the amount in dispute in the court below is less than five hundred dollars, the Supreme Court will notice the fact *ex officio* and dismiss the appeal. 21 An. 728.

APPEAL from the Second District Court, of New Orleans. *Thomas, J. Campbell, Spofford & Campbell,* for plaintiff and appellant. *C. Roselius & Alfred Philips,* for defendant and appellee.

HOWE, J. The plaintiff, in November 1866, leased to L. W. Lyons a store in New Orleans for a term of years " at twelve thousand five hundred dollars per annum, payable monthly, in notes to be given on the first October of every year, for $1041 66 each, payable in gold, or national currency to be received with the current gold premium added, but gold not to exceed fifty per cent. premium for national currency, or national currency to be received at that rate."

In October, 1867, Lyons having died, the defendant, his administratrix, gave the notes required for the coming year. The suit now before us is instituted upon the lease and the following note :

"$1041.                          " NEW ORLEANS, October 1, 1867.

" Four months after date I promise to pay to the order of J. W. Zacharie, ten hundred and forty-one dollars at the Citizens' Bank of New Orleans, *in gold,* provided the premium in gold does not exceed fifty per cent. as per lease dated sixth November, 1866, value received in rent.                          " C. LYONS, Administratrix."

The plaintiff claimed that the premium on gold at the time this note fell due and remained unpaid, was thirty-nine and one-fourth per cent. and therefore asked judgment for $1449 59, with interest and fees of protest.

The defendant, admitting the execution of the lease and note, averred that the clause providing for a payment in gold, or in national currency, to be received with the current gold premium added, was in

violation of law and in opposition to public policy, as having the immediate and direct effect to depreciate the legal tender notes issued under the laws of Congress, and to destroy the rule established by said laws making said notes a legal tender of payment, and therefore null and void; that she was bound only for the sum in legal tender notes, which she had offered to pay, and that she again offers to pay the same by depositing the amount in court.

The plaintiff having withdrawn the amount thus deposited the judge *a quo* decided that he could recover nothing further, and therefore rendered judgment in favor of defendant. The plaintiff appealed.

From this statement it appears that the amount in dispute in the court below at the time of trial, was less than five hundred dollars, and that we have no jurisdiction. We notice the fact *ex officio*. 2 An. 136; 21 An. 728; Kummel *v.* Liberman, lately decided.

Appeal dismissed.