Stubbs vs. McGuire, Sheriff, et al.

## No. 1114.

### F. P. STUBBS vs. J. E. McGUIRE, SHERIFF, ET AL.

#### ON MOTION TO DISMISS.

In a suit in which the Plaintiff claims $964, and the defendant admits his indebtedness to the amount of $600, the matter in dispute is the difference between these two sums, and the case is, therefore, not appealable.

A seizing creditor, whose judgment, for $964, is enjoined, cannot, upon dissolution of the injunction and rejection of his claim for the statutory damages, appeal to this Court on the ground that the damages, added to the amount of the judgment, make up the appealable sum.

APPEAL from the Fifth District Court, parish of Ouachita. *Richardson*, J.

*Talbot Stillman* and *H. H. Russell* for Plaintiff and Appellee.

*J. T. Ludeling* and *J. H. Dinkgrave* for Defendants and Appellants.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. A statement of the leading features of this case is necessary to a proper understanding of the motion made by plaintiff for the dismissal of this appeal, on the ground that the amount in dispute is under our jurisdiction.

In 1879, plaintiff bought of W. H. & B. T. McEnery their interest in a tract of land known as the Magenta Plantation, situated in the parish of Ouachita.

Among other considerations stipulated in the act of sale, the purchaser assumed the payment of a mortgage affecting the property sold, securing the payment of five promissory notes, amounting together to $1029 84, held by Miss M. H. Hemkin, and recognized by judgment rendered on the confession of her debtors.

A portion of the land thus purchased by plaintiff, having been seized under a writ of *fi. fa.* issued in execution of Miss Hemkin's judgment, plaintiff enjoined the sale, and urged among other grounds, that the writ should have been credited with the sums of $200, $225, and

69

$41 95, paid at divers times on account of said judgment; and he further alleged that Miss Hemkin had agreed with her debtors, his vendors, to accept $600 in full satisfaction of her claim, in capital, interests and costs; and concluded by tendering the payment of said sum.

For answer, the defendant admitted the credits alleged by plaintiff, and specially denied the agreement under which it was alleged that she had consented to accept $600 in full of her claim, and concluded by praying for the dissolution of the injunction, with twenty per cent damages, and for $100 as attorneys' fees. The judgment of the lower court dissolved the injunction, but allowed no damages to the defendant, who, complaining of that feature of the judgment, took an appeal returnable to this Court. Plaintiff, on the other hand, complaining of the dissolution of his injunction, took an appeal returnable to the Circuit Court of Appeals. Our inquiry, under the pleadings, must be directed to the question as to what is the amount in dispute in the case.

Appellant contends that, attributing the part payments, first to the interests accrued up to the date of such credits, the balance due on the judgment at the time the writ issued, was about $964, which sum with the addition of the damages prayed for, would foot up the amount in dispute over one thousand dollars.

But plaintiff in injunction does not seek to disturb the judgment in execution, and under the pleadings, we can render no decree which could in any manner add to, or detract from, the scope and binding effect of that judgment, the amount of which could not, therefore, be invoked as a test of our jurisdiction.

Plaintiff acknowledges an indebtedness of six hundred dollars, and no more, on the mortgage and judgment assumed by him, under the effect of the alleged agreement, between his vendors and their creditor, Miss Hemkin.

Defendant denies the existence of such an agreement, and contends that her claim amounts to $964.

It, therefore, follows that the amount in dispute is the difference between the indebtedness judicially acknowledged and admitted by plaintiff and the amount claimed by the defendant, in other words the sum of three hundred and sixty-four dollars.

Admitting, for the sake of argument, as urged by defendant, that plaintiff's injunction, having stayed execution of the whole amount of her claim, amounting in principal to $964; and that, in consequence, that amount is the real matter in dispute, as well as the damages which she claims, and which, she alleges, should be added thereto as the proper test of our jurisdiction, we answer that the damages which depend upon the theory that the injunction was wrongfully obtained, cannot be cumulated with the amount covered under plaintiff's demand, which rests upon the

contrary theory. The two elements are contradictory and cannot co-exist; they cannot, therefore, be cumulated for the purpose of determining the appealable amount in controversy. The demand for damages on the dissolution of the injunction cannot be regarded otherwise than as a plea in reconvention, which, as a separate demand from the relief sought by plaintiff, is insufficient in amount to give us jurisdiction. We assume, as an undisputable proposition, that the object of the late constitutional Convention in creating Circuit Courts of Appeal was to relieve this Court of jurisdiction over suits in which the amount in dispute did not clearly exceed one thousand dollars, exclusive of interest, with a view to diminish our docket, and to afford to litigants in that class of cases the advantage of a more economical and speedy trial of their causes.

And we are of opinion that any rulings of this Court, extending our jurisdiction to cases not appealable to this Court, beyond reasonable doubt, would defeat the object sought to be accomplished by that provision of the Constitution. In following the rules which have heretofore guided our interpretation of such questions, we have not curtailed, but on the contrary, have facilitated the exercise of the constitutional right of appeal.

In this case, the amount in dispute is far from exceeding one thousand dollars, and hence we have no jurisdiction.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.