No. 12,053.

STATE EX REL. RAPHAEL BEAUVAIS VS. THE JUDGES OF THE FIFTH
CIRCUIT COURT OF APPEALS, PARISH OF ST. JAMES.

In the exercise of the supervisory jurisdiction of the Supreme Court a *mandamus*
will lie to compel the Circuit Court of Appeals to take jurisdiction of a cause
when the amount involved does not exceed the upper limit of its jurisdiction.

In a suit when the defendant acknowledges a part of the indebtedness, the test of
the jurisdiction of the appellate court is the difference between the amount
claimed and the amount acknowledged, as judgment can only be rendered for
the balance due. But when the defendant denies liability on the entire
demand, and pleads in reconvention an amount exceeding the acknowledged
indebtedness, the test of jurisdiction is the amount of the judgment which
could be rendered in the case.

When plaintiff prays for a judgment decreeing him absolutely and unconditionally
entitled to a certain percentage of all crops to be raised by the defendant, who
is a tobacco grower by occupation, for a period of nine years to come, an
estimate of the amount or value of this claim must necessarily be made by the
court in passing upon the question of jurisdiction *vel non*, and this estimate
must necessarily be based upon past crops, independently of possible future
contingencies, which it is impossible to anticipate.

ON APPLICATION for Writs of *Mandamus* and *Certiorari.*

*James D. Séguin* and *Buck, Walshe & Buck* for Relator.

*St. Maurice Berault* as *amicus curiæ; Fenner, Henderson & Fenner,
Joseph F. Poché* and *E. N. Pugh* for Respondents.

Submitted on briefs January 20, 1896.
Opinion handed down February 10, 1896.
Rehearing refused March 23, 1896.

The opinion of the court was delivered by

McENERY, J.    The relator instituted a suit in the District Court,
parish of St. James, and believing himself aggrieved by the judg-
ment appealed to the Fifth Circuit Court of Appeals.    The appellate
court rendered a judgment in the case and on rehearing dismissed
the appeal of relator for want of jurisdiction *ratione materiæ.*    Re-
lator invokes the supervisory jurisdiction of this court to compel the
respondents to take jurisdiction of the cause.

In the brief of the defendants to the original suit there is a discussion as to the stage of the case when the want of jurisdiction *ratione materiæ* may be pleaded. It is not discussed in relator's brief and we presume there is no dispute on this point. But it is elementary that when the cause of action is not within the jurisdiction granted by law to the court it will dismiss the suit at any time when the fact is brought to its notice. Riggs & Bro. vs. Bell, 39 An. 1032; Denegre vs. Moran, 35 An. 346; 22 Barb. 221; 23 Conn. 172; 2 Ohio (St.), 26; 13 Vermont, 175; 4 Ill. 133.

It is urged by defendants that a writ of *mandamus* will not lie to compel an inferior court to reinstate a case it has dismissed for want of appellate jurisdiction. The prayer for relief is: (1) for a writ of *certiorari*, commanding respondents to send up the record to the end that the validity of the proceedings therein may be ascertained, and (2) for a writ of *mandamus* to compel the respondents to rescind their order dismissing the appeal and to reinstate the same on the docket of the court.

The right of appeal is granted by the Constitution, and the appellant has the right to go to some appellate court in appealable cases. If the appellant's case is dismissed because it exceed the upper limit of the jurisdiction of the Court of Appeals, and he should afterward come here, the court of *dernier ressort*, and we should decide that the amount in dispute was below our lower limit, the appellant would unquestionably be deprived of a constitutional right. To avoid such a contingency, in the exercise of supervisory jurisdiction, we have uniformly held that in a case requiring it we will compel inferior courts to exercise jurisdiction and decide the case, when the amount involved is within their jurisdiction.

In our reports the cases are numerous in which we have exercised such jurisdiction under Art. 90 of the Constitution. State *ex rel.* Scooler vs. Judges, 47 An. 470; The State *ex rel.* Negrotto, Sr., vs. Judges, 45 An. 1437; State *ex rel.* Widow Harper vs. Judges, 33 An. 358; State *ex rel.* Lacaze vs. Judges, 42 An. 1087; State *ex rel.* Davidson vs. Judges, 37 An. 109; The State *ex rel.* Merchants' Mutual Insurance Company vs. Judges, 33 An. 1070; State *ex rel.* Winter & Hunter vs. The Judges, 33 An. 1096; State *ex rel.* McGee, Snowden & Violett vs. Judges, 33 An. 133.

In this case the relator prays for a writ of *mandamus*, but the writ is invoked as a means of exercising supervisory jurisdiction.

43

In the case of State *ex rel.* City of New Orleans vs. Judge Sixth District Court, 32 An. 549, we said it would be "useless to apply to us for the exercise of this power over inferior courts not subject to our immediate appellate jurisdiction in any case except where there is a clear usurpation of authority not conferred by law, or a refusal to perform some duty plainly imposed by law and which they have no discretion to refuse, and when there is an entire absence of other adequate remedy." And in the same case it was said that the revisory power of this court should only be exercised through the medium of writs of *mandamus,* etc.

In the case of State *ex rel.* Cobb & Gunby vs. Judges of Court of Appeals, 32 An. 774, when the writ of *mandamus* was applied for under the exercise of the supervisory jurisdiction of the Supreme Court to compel the respondents to take jurisdiction, we said: "The writ of *mandamus* is expressly authorized for the purpose of directing a court of inferior jurisdiction to perform some certain act belonging to the place, duty or quality with which it is clothed." The relief sought here is to compel the respondent judges to perform a duty imposed upon them by law, if the application for the relief is justified by the facts. The defendants rely upon the case of State *ex rel.* Liggins vs. Judges, 47 An. 1516. But in that case the respondent court determined its jurisdiction upon facts essentially different from those presented in this case. In the Liggins case there was judgment rendered in the District Court against the relator for seventy-seven dollars, which the court found was the amount in dispute. From this judgment he appealed to the Court of Appeals, which dismissed the appeal for want of jurisdiction *ratione materiæ.* The relator then applied to this court in the exercise of its supervisory jurisdiction to compel the Court of Appeals to reinstate the case on its docket and try the same on its merits. This statement sufficiently shows that the supervisory control of this court over inferior tribunals was improperly invoked, as the apellate court declined to review the decision of the lower court as to its origninal jurisdiction, which had been passed upon, and confined itself to an examination of the record as presented, which showed that the judgment appealed from was the only one that could have been rendered.

The prayer of plaintiff's petition in the suit against defendant is as follows:

"Wherefore petitioner prays, the premises and annexed affidavit considered, that the said Joseph Louque, defendant herein, be duly cited to appear and answer this demand; that after due proceedings had there be judgment herein against the said defendant and in favor of your petitioner in the full sum of eight hundred and seventeen dollars and fifty-two cents ($817.52) with legal interest from date of judicial demand on one hundred and ninety-one dollars and twenty-five cents ($191.25) thereof, being the amount of the commissions due petitioner on the sales of the year 1893, and with like interest on six hundred and twenty-six dollars and twenty-seven cents ($626.27) thereof upon the specific amounts, and from the respective dates, as set forth in said exhibit ' G,' hereunto annexed. And petitioner further prays that there be also judgment herein, ordering and decreeing that during each of the nine remaining years of the said contract, as set forth in said exhibit 'A,' to-wit: from 1893 to 1902, both included, there shall be annual accounting and payment by the said Joseph Louque, defendant herein, to petitioner, for his commissions, at the rate of ten per cent. on the gross selling price of each of the crops of perique tobacco produced by the said defendant in said years, respectively, namely: First, for those of the years 1893 to 1897, both included, upon the basis of the gross sales of the said crop at the rate of thirty-two and one-half (32½) cents per pound for the first-class tobacco and thirty cents per pound for the second-class tobacco, respectively, as fixed in said exhibit ' B;' and, secondly, for the remaining five years, 1898 to 1902, both included, upon the basis of such gross selling price or prices as the same may be shown to have actually realized, said accounting to be had and said payments to be made as the several instalments of such crops shall be shipped and sold by the said defendant."

There was an agreement filed in the case " that the various accounts filed by plaintiff as exhibits in connection with the said cases, so far as the same set forth plaintiff's claims for the advances and supplies to the defendants, and no further, are not disputed, and plaintiff is dispensed from making proof of items and details thereof, save that the following emendations of clerical errors therein are hereby agreed to be made," etc.

The contention on this point of the case is whether there was such an admission of liability on the part of the defendant for the ad-

vances amounting to six hundred and twenty-six dollars and twenty-seven cents as to reduce the amount allowed to less than two thousand dollars.

If the suit was against defendant for a certain amount alleged to be due, and he admitted a part of the claim, the test of jurisdiction would be the difference between the amount claimed and the amount admitted to be due. State *ex rel.* Boyet vs. Judge, 42 An. 982; Stubbs vs. McGuire, 33 An. 1089; Guidry vs. Garland, 41 An. 756; Denegre vs. Moran, 35 An. 346; Girardey vs. City, 26 An. 291.

The only judgment that could be rendered in the case would be the amount of the balance found due the plaintiff. Denégre vs. Moran, 35 An. 346.

The amount necessary to the jurisdiction of the appellate court is the sum in controversy at the time of the judgment. State *ex rel.* Western Union Telegraph Co. vs. Judge, 21 An. 728.

In this case the defendants deny any liability to plaintiffs, and plead in reconvention the sum of eight hundred and sixty dollars and seventy five cents. Suppose defendants' demand in reconvention had been dismissed, and plaintiff should have recovered judgment on his entire demand, and the amount should exceed the sum of two thousand dollars, as would be the case here, the defendant would undoubtedly have the right to appeal to this court. The amount is still in dispute, as it has to be considered and passed upon in fixing the liability of defendant and plaintiff respectively and necessarily enters into the judgment.

It frequently occurs in practice, that in order to save expense as to mere formal proofs the attorneys on each side consent to admit reciprocally certain facts in the cause without calling for proofs of them.

This course seems to have been adopted in this case. There was on the part of defendants a denial of any liability to plaintiff. The fact of the advances was admitted, but the defendant says that out of the same transaction, from the same contract, in the bad faith of plaintiffs in disposing of the crops of tobacco, which was the subject matter of the contract, there has arisen a liability to him, more than the amount of the advances.

The admission does not lessen the demand of plaintiff.

"We have a demand by one of an amount of which we have jurisdiction, and a denial by the other that he owes any part of it." Miller vs. Gidiere & Marmande, 36 An. 202.

The pleadings show an amount of over two thousand dollars in dispute.  Connors vs. Citizens Mutual Insurance Company, 22 An. 331.

In the contract sued on by plaintiff there is a demand for ten per cent. commissions which would have been realized on non-existing crops, and the question presented is whether for the purpose of jurisdiction it was necessary to make some estimate of the value of the crops in order to determine the amount of the commissions in order to fix the jurisdictional amount.  The court had no jurisdiction without an estimate of the amount involved.  It could not render a judgment on mere surmise of what the crops would be, nor was it possible to consider the percentage without a consideration of the amount on which it was predicated.  Ten per cent. commission on something that has no existence is meaningless, and when the moment, in order to give it a definite and certain significance, an estimate of the future crops is made, the ten per cent. on the same immediately springs into existence.  It is not an hypothecal and abstract conception of facts which gives jurisdiction.  There must be something concrete, tangible and substantive.

Had the prayer of the petition stopped at the demand for the advances and accrued commissions, although the contract might involve an amount beyond the jurisdiction of the Circuit Court of Appeals, no future contingent liability on the contract could be invoked to confer jurisdiction, as the matter in controversy would be the amount claimed by plaintiff.  But he has prayed for the execution of the contract in its entirety, and has asked for a judgment for future commissions to be paid in instalments on the future productive capacity of the plantation.  For the purpose of determining the question of jurisdiction there necessarily must be an estimate of what the commissions would amount to.  Smith vs. Insurance Company, 33 An. 1072.

The relief prayed for is denied, and the rule granted here is discharged.