(53 South. 465.)

No. 18,325.

### BORDE v. LAZARUS, MICHEL & LAZARUS.

### In re LAZARUS, MICHEL & LAZARUS.

(Oct. 17, 1910. Rehearing Denied Nov. 14, 1910.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—APPEAL — REVIEW — JURISDICTIONAL AMOUNT.

When plaintiff sues for $250, and defendant admits owing $150, and the trial court allows plaintiff $200, the amount in dispute, so far as an appellate court is concerned, is only $50, and a judgment of the Court of Appeal dismissing the appeal will be sustained, since that court has jurisdiction only when the amount in dispute exceeds $100.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

Action by George U. Borde against Lazarus, Michel & Lazarus. Judgment for plaintiff, and defendant appealed to the Circuit Court of Appeal, which dismissed the suit for want of jurisdiction, and defendant applies for certiorari or writ of review. Petition dismissed.

Lazarus, Michel & Lazarus (David Sessler, of counsel), for applicant. Clegg, Quintero & Gidiere, for respondent.

BREAUX, C. J. Plaintiff instituted suit against the defendants to recover judgment for the amount he claimed as due him by defendants for services rendered in testify-

ing as an expert in the local federal court. The amount was $250; that is, 5 days at $50 per day.

The defendants answered and alleged that the amount was excessive.

They, in their answer, admitted an indebtedness of $150, and tendered the amount to the plaintiff.

The district court rendered judgment for $200, and gave credit for the amount admitted to be due, to wit, the sum of $100.

The amount in contestation, from which the defendants appealed, was less than the sum of $100.

The defendants appealed to the Circuit Court of Appeal.

That court dismissed the suit for want of jurisdiction ratione materiæ.

The case is before us on an application for a review of the judgment dismissed.

The jurisdiction of the district court extends to all cases of $100, exclusive of interest.

The article of the Constitution fixing the lower limit of jurisdiction is the same as the above.

Relators argue, in order to maintain their proposition, that the costs should be taken into account in deciding the question of jurisdiction.

The costs of court are never considered in fixing the jurisdictional amount; nor the interest.

The former are not considered because no amount is due at the time suit is instituted to recover judgment for an amount stated, and the accruing costs thereafter are not considered as part of the amount involved. Besides, jurisdiction would be vacillating and uncertain if costs were considered as a test of jurisdiction.

As to interest, the other item mentioned in relator's argument: It is expressly excluded, Article 133 of the Constitution.

We conclude: The amount in controversy before this court is less than $100, not sufficiently large, under the first clause of the Constitution regarding the jurisdiction of the Court of Appeal, to include it among appealable amounts. Article 98.

The question is suggested by the argument of relators: The district court is without jurisdiction.

Certainly not; it has jurisdiction to render judgment for the amount which defendant admits to be due. It had jurisdiction originally; it cannot be deprived of its jurisdiction by an admission. The jurisdiction extends to and includes authority to render judgment.

But coming to the question of appeal and jurisdiction in that connection: The defendants place some reliance upon a decision of another jurisdiction, in which it was held that, as the court of the first instance had jurisdiction, it followed that the appellate court had jurisdiction.

Jurisprudence in this state has taken a different view and has never decided that, the district court having jurisdiction in the first instance, the Court of Appeal, or this court, necessarily had jurisdiction on appeal to review the judgment.

This court held, in State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 South. 617; State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 728, that the amount necessary to the jurisdiction of the appellate court is the sum in controversy at the time of judgment, and that, in case a sum is paid prior to judgment, reducing the amount to less than $2,000, this court has no jurisdiction ratione materiæ. Guidry v. Garland, 41 La. Ann. 756, 6 South. 563. And, again, where the defendant confesses judgment, leaving in contestation an amount not within the jurisdiction of the appellate court, the appeal will be dismissed. Girardey v. City of N. O., 26 La. Ann. 291.

This was reaffirmed in Stubbs v. McGuire,

33 La. Ann. 1089; in Denegre v. Moran, 35 La. Ann. 346; in State ex rel. Boyet v. Judges, 42 La. Ann. 982, 8 South. 468. Same view was expressed in Zacharie v. Lyons, 22 La. Ann. 618, and recently effect was given to these decisions in Taylor v. Judge, 107 La. 784, 32 South. 186, in which similar views, as relates to jurisdiction, were reiterated.

The decisions upon the subject render it difficult to conceive it possible to change and overrule them.

There was found only one decision to the contrary, to which we have first above alluded.

This is a decision of a court of another state. Klein v. Allenbach, 6 Nev. 493, in which the question, we take it, came up as one of first impression.

Conceding that it is a debatable question, and that it is barely possible that, as the court of first instance had jurisdiction, so has the appellate court, we are of the opinion that the view before expressed by us is too strongly imbedded in jurisprudence to decree a change.

One step further, in order to refer to the question of distribution, to quote a word or a phrase of the Constitution:

There is no better ground to sustain the proposition that the $150 admitted due were subjected to "distribution," and, therefore, still in that respect presented an issue. It will be recalled, the Constitution—to quote the phrase—provides "an amount to be distributed, as a test of jurisdiction."

The defendants urged that the whole amount was subject to distribution, despite the admission defendants admitted, as before mentioned.

There is no question of an amount to be distributed in this case, or the least issue raised in that respect.

Litigants are not without remedy, not, however, under our appellate jurisdiction.

Courts cannot seek to enlarge jurisdiction by forced construction.

The order nisi is recalled and discharged, and relator's demand denied, and their petition dismissed.