(69 South. 269)

No. 20928.

## WOLF v. THOMAS.

(June 29, 1915.)

*(Syllabus by the Court.)*

COURTS ⊜224—JURISDICTION OF APPEAL—AMOUNT INVOLVED—DETERMINATION.

The appellate jurisdiction of the courts is determined by the amount in contest at the time the judgment appealed from was rendered in the lower court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. ⊜224.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Isaac B. Wolf against Joseph A. Thomas. From judgment for plaintiff, defendant appeals. Appeal transferred to Court of Appeal.

Henry L. Sarpy and Richardson & Soule, all of New Orleans, for appellant. F. J. Dreyfous, A. D. Danziger, and B. Y. Wolf, all of New Orleans, for appellee. L. A. Morphy, of New Orleans, amicus curiæ.

O'NIELL, J. This is an executory proceeding, in which the defendant obtained a preliminary injunction on the ground that he had partly paid the debt. After hearing evidence the district court dissolved the writ, and the defendant has appealed from the judgment.

After a careful consideration of this case on its merits, our attention is directed to the question of jurisdiction. There is no motion to dismiss the appeal nor has either party referred to the question of appellate jurisdiction, but we are constrained to consider and dispose of it.

The suit is on a promissory note for $3,800, dated the 7th of March, 1907, payable one year after date, bearing interest at 8 per cent. per annum from its date, and secured by mortgage and vendor's lien. The act of sale with which the note is identified con-

tains the obligation on the part of the maker to pay 10 per cent. attorneys' fees in the event of legal proceedings to enforce the payment of the note. In his petition the plaintiff in the executory proceedings acknowledges that $1,998.90 has been paid on the principal, and that the interest was paid to March 7, 1913. The prayer of his petition is that the mortgaged property be seized and sold, and that he be paid out of the proceeds $1,801.10 with interest at 8 per cent. per annum from the 7th of March, 1913, and 10 per cent. attorneys' fees, and also $3 for a copy of the act of sale, and all other costs.

In his petition for injunction the defendant alleges that he made partial payments at $47.60 per month from the 7th of March, 1907, to the 1st of February, 1913, amounting to $2,284.59, instead of $1,998.90, as alleged by the plaintiff in his petition in the executory proceedings. The defendant further alleges in his petition for injunction that he paid the interest to February 1, 1913, amounting to $1,607.15, and that thereafter he made further payments amounting to $190.40 on May 28, 1913. He tendered to the attorney for the plaintiff, on November 22, 1913, before the suit was filed, $1,430.14, in full payment of the balance due on the note. The tender was refused, but the amount was not deposited into the registry of the court.

Without regard for the amount for which judgment has been rendered, the amount in contest when the judgment was rendered in the district court and the amount in contest on appeal is only $411.05, exclusive of interest.

It is well settled in our jurisprudence that the appellate jurisdiction of the courts of this state is determined by the amount in contest at the time the judgment appealed from was rendered in the lower court. See Borde v. Lazarus, Michel & Lazarus, 127 La. 124, 53 South. 465, citing State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 South.

617; State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 721; Guidry v. Garland, 41 La. Ann. 756, 6 South. 563; Girardey v. City of New Orleans, 26 La. Ann. 291; Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; State ex rel. Boyet v. Boone, 42 La. Ann. 982, 8 South. 468, citing several decisions; Zacharie v. Lyons, 22 La. Ann. 618; Taylor v. Judge, 107 La. 784, 32 South. 186. We have no jurisdiction of the present appeal.

It is ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans; the appellant to pay the costs of the appeal to this court.