(102 So. 583)

No. 25931.

**NELSON et al. v. CONTINENTAL ASPHALT & PETROLEUM CO. et al.**

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Courts ⚖=224(11)—Amount admitted due deducted from amount claimed in determining amount in controversy.**

Amount admitted due in answer must be deducted from amount claimed in petition in determining amount in controversy for jurisdictional purposes.

2. **Courts ⚖=224(11)—Appeal not within jurisdiction of Supreme Court, where amount claimed reduced by admissions to amount not to exceed $2,000, exclusive of interest.**

Under Const. 1921, art. 7, § 10, the Supreme Court had no jurisdiction of appeal, where amount claimed was reduced by admissions in answer to an amount not exceeding $2,000, exclusive of interest.

3. **Courts ⚖=487(1)—Supreme Court must decline to entertain appeal of which it has no jurisdiction, though no motion made to dismiss or to transfer.**

Where amount in controversy does not exceed $2,000, the Supreme Court, under Const. 1921, art. 7, § 10, must decline to entertain the appeal, though no motion has been made to dismiss it or to transfer it to the proper court.

4. **Appeal and error ⚖=21 — Supreme Court cannot entertain appeal where amount in controversy below jurisdictional limit, even with consent of parties.**

Where the amount in controversy does not exceed $2,000, exclusive of interest, the Supreme Court cannot entertain jurisdiction on appeal, even with the consent of the parties.

5. **Courts ⚖=224(9)—Supreme Court, having no jurisdiction of appeal, may transfer it to proper court.**

Supreme Court, having no jurisdiction on appeal because amount in controversy does not exceed $2,000, under Const. 1921, art. 7, § 10, may transfer appeal to proper court rather than dismiss it.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by R. B. Nelson and another against the Continental Asphalt & Petroleum Company and another. Judgment for plaintiffs, and defendants appeal. Transferred to Court of Appeals.

E. W. & P. N. Browne, of New Orleans, for appellants.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellees.

OVERTON, J. Plaintiffs brought this suit against the Continental Asphalt & Petroleum Company and its surety, the Fidelity & Casualty Company of New York, to recover judgment against them, in solido, for $3,750, with legal interest thereon from March 1, 1921, until paid. The Continental Asphalt & Petroleum Company filed its answer to this suit. In its answer it admits that $2,192.50 of the indebtedness sued upon, which indebtedness grows out of an oil lease, is due and owing by it, and avers that it has tendered to plaintiffs the amount admitted by it to be due, but that plaintiffs have refused to accept the tender. The Fidelity & Casualty Company of New York also filed an answer to the suit, adopting the answer filed by the Continental Asphalt & Petroleum Company, except in so far as the answer adopted is inconsistent with the one filed by it. There is nothing in the answer filed by the surety company that is inconsistent with the answer adopted by it in so far as relates to the amount admitted in the answer adopted as due. To the contrary, the surety company expressly prays that plaintiff's demand be rejected, except as to the amount admitted to be due, which exception necessarily refers to the $2,182.50 admitted by the Continental Asphalt & Petroleum Company as being due, since nowhere else in the answer of either of the defendants is any other amount admitted to be owing. Therefore, when the suit was filed, there was $3,750, exclusive of interest, apparently in contest. However,

prior to the submission of the case in the trial court for decision, the amount in contest was reduced, by the admissions made in the answers, to $1,567.50, exclusive of interest.

[1, 2] When our jurisdiction is to be determined by the amount in contest, as is the case here, it is the amount in contest when the case is submitted to the trial court for decision that determines the question of jurisdiction, and not the amount as disclosed by the petition of the plaintiff alone. In other words, the admissions made in the answer filed must be taken into consideration in determining the jurisdiction of this court, for its jurisdiction, save in certain cases of which this is not one, is made to depend on the amount in dispute, and it is obvious that the amount in dispute may be reduced below our jurisdiction by admissions made in the answer. See Crowell & Spencer Lumber Co. v. Lynch (No. 26724, La.) ante, p. 21, 101 So. 797, and authorities there cited. Since, prior to the submission of the case in the trial court, the amount in dispute was reduced, by admissions made, to an amount not exceeding $2,000, exclusive of interest, it is obvious that we have no jurisdiction of the appeal taken herein, for, where our jurisdiction is made to depend on the amount in dispute, such amount must exceed $2,000, exclusive of interest, in order to vest us with jurisdiction. See article 7, section 10, Constitution of 1921.

[3-5] Since we have no jurisdiction of this appeal, we must decline to entertain the appeal, even though (which is the case here) no motion has been made to dismiss it or to transfer it to the proper court. Levert v. Sharpe, 52 La. Ann. 599, 27 So. 64. However, while we cannot entertain jurisdiction, even with the consent of the parties to the suit, yet we may transfer the appeal to the proper court rather than dismiss it.

For the reasons assigned, it is ordered and decreed that the appeal herein be transferred to the Court of Appeal of the Second Circuit, to be disposed of according to law. It is further ordered that appellants pay the costs of this court.