O’NIELL, C. J.
 

 This is a suit for a balance alleged to be due under a contract for the printing of a lot of catalogues. The amount sued for was $2,736.66; the alleged indebtedness being $14,236.66, less $11,500 paid on account.
 

 The $14,236.66 is composed of 17 items, described in paragraphs numbered 16 to 32, inclusive, in the plaintiff’s petition. In the answer to the suit, the defendant admitted that the items described in paragraphs 16, 22, 23, 24, 26, 27, 28, 29, and 30, amounting to $10,-524.11 were correct. That admission left unacknowledged the items described in paragraphs 17, 18, 19, 20, 21, 25, 31, and 32, amounting to $3,712.55; and, as to these items, the defendant judicially admitted on the trial of the case that $1,984.03 of the amount claimed was due, and that only $1,-728.52 of the amount claimed was disputed. The admissions were entered in the note of evidence, as follows: As to a claim of $900.60, described in paragraph 17 of the plaintiff’s petition, it was admitted that $884.80 was due, and that only $15.80 was in contest; as to a claim of $320, described in paragraph 18, it was admitted that $208 was due, and that only $112 was in contest; as to a claim of $97, described in paragraph 19, it was admitted that $50 was due, and that only $47 was in contest; and as to a claim of $1,243.-67, described in paragraph 21, it was admitted that $841.23 was due, and that only $402.-44 was in contest. It was also admitted in the defendant’s answer to the suit that the amount which had been paid under the contract was $11,500, as alleged in the plaintiff’s petition. Hence it was admitted by the defendant, before the case was submitted to the civil district court for decision, that the plaintiff was entitled to a judgment for $1,008.14, and that the amount in contest was therefore only $1,728.52. The judge of the civil dis
 
 *568
 
 trict court found that the defendant’s contentions were justified to the extent of $482.17;, that is, that the plaintiff’s claim of $1,243.67, described in paragraph 21 of the petition, should be reduced $169.77, that the claim of $62.40, described in paragraph 31, should be rejected, and that the claim of $1,050, described in paragraph 32, should be reduced $250. The judge therefore gave judgment for the plaintiff for $2,254.49, which included, of course, the $1,008.14 which the defendant had judicially admitted the plaintiff was entitled to. The defendant has appealed from the decision. The plaintiff, answering the appeal, contends that the judge was wrong in reducing the item described in paragraph 21 of the petition $169.77, and in rejecting the item of $62.40, described in paragraph 31, and in reducing the item described in paragraph 32 $250, but concedes that there should have been a reduction of $50 on this latter claim. Hence the plaintiff asks that the judgment appealed from be increased to $2,686.66, including the $1,008.14 which the appellant judicially admitted was due. In the brief filed by the appellant in this court, it is admitted that the plaintiff is entitled to a judgment for $1,055.02. By an error in copying the amount of one of the acknowledged items, the amount is said to be $955.02 instead of $1,055.02.
 

 This court has not appellate jurisdiction in an ordinary suit on a< contract, or. on an account, unless the amount in dispute exceeds $2,000, exclusive of interest. The question whether such a case is within the appellate jurisdiction of the Supreme Court, or of the Court of Appeal, is determined by the amount which was in dispute when the case was submitted to the court of original jurisdiction for decision. An amount which thé defendant in his answer to the suit or on the trial of the case judicially acknowledges to be due the plaintiff is not in dispute. State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 728; Zacharie v. Lyons, 22 La. Ann. 618; Girardey v. City of New Orleans, 26 La. Ann. 291; Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Guidry v. Garland, 41 La. Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, 42 La. Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 So. 617; State ex rel. Taylor v. Judges, 107 La. 784, 32 So. 186; Borde v. Lazarus, Michel & Lazarus, 127 La. 124, 53 So. 465; Wolf v. Thomas, 137 La. 833, 69 So. 269; Crawford, Jenkins & Booth v. Fisher, 144 La. 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; City of New Orleans v. New Orleans C. & B. Towboat Co., 168 La. 1093, 123 So. 724.
 

 Inasmuch as the amount in dispute in this case when the ease was submitted to the civil district court for decision was only. $1,728.-52, being the difference between the $2,736.66 sued for and the $1,008.14 admitted to be due, the case is within the jurisdiction of the Court of Appeal, and not of this court.
 

 It is ordered that this case be transferred to the Court of Appeal for the parish of Orleans; provided that, if the record be not filed in that court within 30 days from the date on which this decree becomes final, the appeal shall stand dismissed, at appellant’s cost.