(136 So. 87)

## CHICKASAW WOOD PRODUCTS CO. v. VAIL–DONALDSON CO.
### No. 28894.

June 22, 1931.

Madison & Madison, of Bastrop, for appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

O'NIELL, C. J.

The plaintiff sued for $2,938.49, being the price of two carloads of cooperage, or keg heading, sold to the defendant. The main defense to the suit was that the grade or quality of the heading which the plaintiff shipped was not of the grade or quality ordered. It was admitted by the plaintiff during the trial of the case that one carload of the heading, which the defendant or its customer had refused to accept, and which amounted to $1,470.01 of the amount sued for, was afterwards sold by the plaintiff for $1,049.30, or at a loss of only $420.71, and that the plaintiff had given the defendant credit for the $1,049.30, and was therefore claiming only $1,889.19. The district court gave the plaintiff a judgment for that amount; and the defendant appealed to this court.

■■ This court has not appellate jurisdiction in an ordinary suit on a contract or on an account unless the amount in dispute exceeds $2,000, exclusive of interest. Const. art. 7, § 10. Where the amount in dispute does not exceed $2,000, exclusive of interest, the Court of Appeal has appellate jurisdiction. Const. art. 7, § 29. It is the amount remaining in dispute at the time when the case is submitted to the district court for decision that determines whether the case is appealable to the Supreme Court or to the Court of Appeal. If, in a suit for more than $2,000, a remittitur is entered or an admission made before the case is submitted to the district court for decision, reducing the amount in dispute to or below $2,000, exclusive of interest, the case is appealable to the Court of Appeal and not to the Supreme Court. State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 728; Zacharie v. Lyons, 22 La. Ann. 618; Girardey & Co. v. City of New Orleans, 26 La. Ann. 291; Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Guidry v. Garland, 41 La. Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, 42 La. Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 So. 617; State ex rel. Taylor v. Judges, 107 La. 784, 32 So. 186; Borde v. Lazarus,

Michel & Lazarus, 127 La. 124, 53 So. 465;
Wolf v. Thomas, 137 La. 833, 69 So. 269;
Crawford, Jenkins & Booth v. Fisher, 144 La.
130, 80 So. 224; Norwood v. Lake Bisteneau
Oil Co., 145 La. 823, 83 So. 25; Crowell &
Spencer Lumber Co. v. Lynch, 157 La. 21, 101
So. 797; Nelson v. Continental Asphalt &
Petroleum Co., 157 La. 491, 102 So. 583; A.
Baldwin & Co. v. McCain, 159 La. 966, 106
So. 459; City of New Orleans v. New Orleans
C. & B. Towboat Co., 168 La. 1093, 123 So.
724; Steeg Printing & Publishing Co. v. Auto
Lec Stores, 172 La. 565, 134 So. 746; Givens v.
Yazoo & Mississippi Valley Railroad Co., 173
La. 372, 137 So. 66, handed down today.

It is ordered that this case be transferred
to the Court of Appeal for the Second Cir-
cuit, provided that, if the record be not filed
in that court within thirty days from the date
on which this decree shall have become final,
the appeal shall stand dismissed at the appel-
lant's cost. The appellant is to pay the costs
of the present appeal, all other court costs
to abide the final disposition of the case.