ODOM, J.
 

 ' Plaintiff’s cotton gin, which was located near defendant’s railroad track, was burned
 
 *373
 
 on July 15, 1920. Alleging that the fire which destroyed the gin and its contents was negligently started by the defendant, plaintiff brought this suit for $4,000, the alleged value thereof.
 

 The case was tried on February 3, 1931, and on April 8 judgment was rendered in favor of plaintiff for $500. Judgment was read and signed on the following day.
 

 Eight days later, on April 17, 1931, plaintiff, through his counsel, filed a remittitur reducing the amount claimed from $4,000 to $1,900. Defendant appealed to this court; the transcript being lodged here on May 14. On May 16 plaintiff, the appellee, moved to dismiss the appeal on the ground that “the highest amount involved was nineteen hundred dollars,” which is below the minimum jurisdiction of this court
 

 This is an ordinary civil suit for $4,000, an amount exceeding the minimum jurisdiction of this court. That amount was in contest when the case was submitted to the district court for decision, and when it was finally decided. The amount sued for determines trial jurisdiction; but it is settled beyond controversy that in ordinary civil suits. such as this the appellate jurisdiction of this court is determined by the value or amount in contest when the judgment is
 

 rendered in the trial court. State ex rel. Western Union Telegraph Co. v. Judge, 21 La. Ann. 728; Zacharie v. Lyons, 22 La. Ann. 618; Girardey & Co. v. City of New Orleans, 26 La. Ann. 291; Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Guidry v. Garland, 41 La. Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, 42 La. Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 So. 617; State ex rel. Taylor v. Judges, 107 La. 784, 32 So. 186; Borde v. Lazarus, Michel & Lazarus, 127 La. 124, 53 So. 465; Wolf v. Thomas, 137 La. 833, 69 So. 269; Crawford, Jenkins & Booth v. Fisher, 144 La. 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; City of New Orleans v. New Orleans C. & B. Towboat Co., 168 La. 1093, 123 So. 724; Steeg Printing & Pub. Co. v. Auto-Lec Stores, Inc., 172 La. 565, 134 So. 746.
 

 It is settled also “beyond the possibility of doubt that although in an appealable case, the plaintiff may render the cause unappealable by making a remittitur before judgment, still he can not do so after judgment,” or verdict. New Orleans, etc., Ry. v. McNeely, 47 La. Ann. 1298, 17 So. 798; Trenchard v. New Orleans Ry. & Light Co., 123 La. 36, 48 So. 575; State ex rel. Taylor v. Judges, 107 La. 784, 32 So. 186; State ex rel. Orleans Ry. Co. v. Lazarus, Judge, 34 La. Ann. 864; State ex rel. W. U. Telegraph Co. v. Judge, 21 La. Ann. 728; Wolf v. Munzenheimer & Co., 14 La. Ann. 114; Le Blanc v. Pittman & Barrow, 16 La. Ann. 430; Guidry et al. v. Garland et al., 41 La. Ann. 756, 6 So. 563.
 

 The amount in contest at the time judgment was rendered in this case was $4,000. The remittitur was made eight days later.
 

 The motion to dismiss the appeal is overruled.