HANOVER FIRE INS. CO. et al. v. SOUTH-
ERN AMUSEMENT CO., Inc., et al.

No. 31727.

Jan. 30, 1933.

Robert R. Stone, of Lake Charles, for appellants.

J. Sheldon Toomer, of Lake Charles, for appellees.

O'NIELL, C. J.

This is a suit for insurance premiums alleged to be due for fire and tornado insurance written by the plaintiff insurance company on property belonging to the defendant Southern Amusement Company, Inc. The total amount of the premiums sued for was $2,145.69, but, among them were two premiums for $125 each, which the defendants, in their answer to the suit, admitted they owed. The admission was repeated by counsel for the defendants at the commencement of the trial, and was dictated to the court stenographer and made a part of the record. The district court gave judgment for the plaintiffs for $2,037.16, which included, of course, the $250 not in dispute. The defendants have appealed.

The amount in contest was never more than $1,895.69; that is, the difference between the $2,145.69 sued for and the $250 which the defendants, in their answer to the suit, admitted they owed.

It seems to have developed on the trial of the case that the defendants were disputing only two of the premiums sued for— one for $651.20 and the other for $1,078.80— the two therefore amounting to $1,730; and it seems that only a part of that sum was actually in dispute. That, however, is of no importance in determining whether the case belongs in this court or in the Court of Ap-

peal for the First Circuit. It is sufficient to say that the defendants' judicial admission, made in their answer to the suit, and repeated on the trial, left in dispute only $1,895.69, exclusive of interest.

The Supreme Court has not appellate jurisdiction in an ordinary civil suit where the amount in dispute does not exceed $2,000, exclusive of interest. Const. 1921, art. 7, § 10. There are some exceptional cases that are appealable to the Supreme Court regardless of the amount in dispute, but this case is not one of them. Ordinarily, where the amount in dispute does not exceed $2,000, exclusive of interest, one of the Courts of Appeal has appellate jurisdiction. Const. 1921, art. 7, § 29. It is the amount remaining in dispute when the district court has to decide the case that determines whether the case is appealable to the Supreme Court or to the Court of Appeal. If, in a suit for more than $2,000, exclusive of interest, a remittitur is entered or a judicial admission is made, reducing the amount in dispute to or below $2,000, exclusive of interest, before the district court decides the case, it becomes appealable to the Court of Appeal. State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 728; Zacharie v. Lyons, 22 La. Ann. 618; Girardey Co. v. City of New Orleans, 26 La. Ann. 291; Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Guidry v. Garland, 41 La. Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, 42 La. Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges, 48 La. Ann. 676, 19 So. 617; State ex rel. Taylor v. Judges, 107 La. 784, 32 So. 186; Borde v. Lazarus, Michel & Lazarus, 127 La. 124, 53 So. 465; Wolf v. Thomas, 137 La. 833, 69 So. 269; Crawford, Jenkins & Booth v. Fisher, 144 La. 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; City of New Orleans v. New Orleans C. & B. Towboat Co., 168 La. 1093, 123 So. 724; Steeg Printing & Publishing Co. v. Auto Lec Stores, 172 La. 565, 134 So. 746; Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87; Givens v. Yazoo & M. V. Railroad Co., 173 La. 372, 137 So. 66.

It is ordered that this case be transferred to the Court of Appeal for the first circuit; provided that, if the record be not filed in that court within 30 days from the day on which this decree becomes final, the appeal shall stand dismissed, at appellants' cost.