Plaintiff sues for a total sum of $4,632.01, alleged to be due for labor and materials furnished for building of improvements on property owned by the defendants. The petition also prays for recognition of material and labor liens and for the setting aside of a certain guarantee on a building contract.
Judgment was rendered in the District Court in favor of plaintiffs in the amount of $2,429.47. Defendants appealed that portion of the judgment rejecting defendants' claims for a sum of $483.07, and also from that part of the judgment taxing defendants with costs and interest.
Plaintiff answered the appeal, praying for the amendment of judgment of the trial Court by increasing the principal amount thereof to the sum of $4,632.01, which answer was filed subject to a motion to dismiss the appeal.
The motion to dismiss is based upon the contention that this Court is without jurisdiction for the reason that the action is a suit for the enforcement of material and labor liens in which the amount in dispute exceeds the sum of $2,000.
The appellants argue that since the judgment rendered in the lower Court amounted to $2,429.47, and since defendants-appellants acquiesce in said judgment to the extent of the sum of $1,957.90 and appealed only from that part of the judgment representing the difference between these two figures, that the amount of such difference is the measure of the sum involved between the litigants before this Court.
This argument of appellants might have considerable weight were it not for the fact that by its answer to the appeal the plaintiff-appellee has placed at issue the entire amount claimed, namely, $4,632.01.
In brief, it is conceded by plaintiff-appellee that at the time the case was submitted to the trial Court for decision, plaintiff was claiming an indebtedness on the part of the defendants in the sum of $4,152.27. Even recognizing the admission on the part of defendants of an indebtedness of $1,957.97, it is apparent that the sum of $2,194.37 was the amount in controversy submitted for decision to the trial Court.
The cases of Chickasaw Wood Products Co. v. Vail-Donaldson Co.,173 La. 59, 136 So. 87, and Hanover Fire Ins. Co. v. Southern Amusement Co., Inc., *Page 581 176 La. 631, 146 So. 316, are authority for the proposition that the amount in dispute at the time a case is submitted to the District Court for decision is determinative of the appellate jurisdiction. For this reason, we are of the opinion that this Court is without jurisdiction of the appeal.
Accordingly, it is ordered that the exception to the jurisdiction of this Court be sustained and this case be transferred to the Honorable the Supreme Court of the State of Louisiana, provided, however, that if the record be not filed in that Court within sixty (60) days from the date on which this decree shall have become final, the appeal shall stand dismissed at appellant's cost. The appellant is to pay the costs of the present appeal. All other costs to abide the final disposition of the case.