On Rehearing.
On the earnest application of assiduous counsel for appellant, rehearing was granted herein to afford re-examination and further consideration of the question of jurisdiction ratione materiae of this Court. We have done this, hut our opinion on the question, expressed in original opinion, has not thereby undergone change.
The original demand was for $2,790 to $1,890, of which defendant interposed plea of prescription of one year. The plea was referred to the merits and was on November 26, 1950, in the written reasons for judgment, sustained at same time judgment was rendered rejecting plaintiff’s demand in its entirety. Prior to judgment being signed plaintiff filed application for a rehearing “for the reason and on 'the ground that the judgment of the Court herein is contrary to the law and the evidence.” It was not necessary in this application to expressly refer to the Court’s ruling on the plea. Rejection of the whole demand carried with it rejection of the amount against which the plea was leveled, as well as that not so embraced. The application for rehearing surely reveals that plaintiff felt aggrieved by every act of the Court to that time unfavorable to his interest. And it appears equally true that to this time the entire amount for which sued was considered in contest. The situation underwent no change until the remittitur was made after rendition of the judgment.
Regardless of what may have been plaintiff’s silent mental reaction as regards the merits of the plea, prior to it being ruled upon, the record clearly discloses that when the case was submitted and when judgment was rendered, the demand, in its entirety, was in contest and was before the Court for decision. The fact that the Court specifically ruled on the plea is conclusive evidence of this. And, it is the amount in contest when judgment is rendered that determines the Court to which appeal should be taken. Wolf v. Thomas, 137 La. 833, 69 So. 269. Appellant may not derogate from this well established rule except, possibly, with the express consent of the appellee.
The reason of the rule is obvious:—To prevent one who intends to appeal, by his own act, after rendition of judgment, from creating a situation wherefrom appeal could be taken to a court other than that to which it properly would lie but for such action. In other words, the rule prevents the appellant from electing to which of two courts his a'ppeal will go.
It is true, as appellant argues, that where a judgment is separable, a party aggrieved may appeal from a particular portion of it, but the restriction must appear in his motion for and in the order granting the appeal. No doubt plaintiff could have so acted in the present case, but he did not do so. He appealed from the judgment that rejected his demand in toto.
The discussed rule has equal application to all parties to a suit.
For these reasons, the original opinion and judgment in this case are re-instated and made final.
GLADNEY, J., is recused.
KENNON, J., not participating.