CAVANAUGH, Judge.
The plaintiffs sue the defendant for the sum of $3,659.61, together with legal interest thereon from judicial demand until paid, and their cause óf action is based upon a contract of dation en paiement executed between them and defendant on March 21, 1952, wherein they surrendered certain property on which the defendant ¡had crop liens and chattel mortgages in satisfaction of a debt of approximately $70,000 plaintiffs owed defendant. The sum claimed and sued for under the contract is $1,994.61, which plaintiffs claim represents one-fifth of four-fifths of the proceeds of 1,230 bags of rice stored in the Vermilion Farmers’ Co-operative Warehouse at Abbeville, Louisiana; $1,000 is claimed for damages suffered by plaintiffs on account of harassment and inconvenience because ' of defendant’s failure - to comply with the terms' of the contract, and $765 of the' claim is for attorney’s fees, which plaintiffs allege they had to incur, *154 and which resulted from the tortious conduct and unlawful misappropriation of the sum due the plaintiffs under the terms of the contract.
The defendant first filed an exception of no cause or right of action and later filed an exception of vagueness to the plaintiffs’ petition, based on the grounds that it did not allege in what manner plaintiff was harassed or inconvenienced. The plaintiff filed a supplemental petition and alleged in amended Article 7 that their damages were claimed by reason of the unlawful misappropriation of their money by defendant; that it was necessary to secure loans from other parties in order to plant their crop for the ensuing year, and the expense of trips to and from Abbeville consumed in an effort to obtain their money from the defendant. In their amended petition, plaintiffs propounded interrogatories to defendant. These interrogatories were answered by the President of defendant bank.
The defendant bank answered and especially alleged that the plaintiffs were indebted to defendant in the sum of $75,000 at the time of the agreement, and that in consideration of the bank’s surrendering the promissory notes and releasing the crop liens and chattel mortgages held by it on plaintiffs’ property, plaintiffs surrendered and turned over to the bank all of the property described in the chattel mortgages and crop liens and included all of their interest in the proceeds of the rice plaintiffs had in the Vermilion Warehouse at Abbeville, which was in the process of being sold, and that plaintiffs only owned four-fifths of the entire production, and they intended to convey all the interest they had, and that the other one-fifth of the rice produced and stored in said warehouse belonged to Wallace Pugh, the landowner.
The only issue involved in the trial in the District Court was the construction of the contract between plaintiffs and defendant, and whether it covered all of plaintiffs’ interest in the entire proceeds of the sale of the rice in the warehouse, or whether it only covered four-fifths of plaintiffs’ interest, the plaintiffs contending that, under the terms of the contract, they were entitled to receive from defendant one-fifth of the sale price of the rice, and the defendants contending that plaintiffs were to receive no part of the sale price of the rice.
During the progress of the trial, the defendant sought to introduce evidence to explain the intention of the parties to the contract on the ground that it was ambiguous. The plaintiffs seriously objected to the admission of the testimony, contending that it was not admissible under the parol evidence rule to alter or vary the terms of a written agreement. The lower court held that the contract was not clear and was ambiguous and admitted parol evidence to show the intention of the parties to the agreement over plaintiffs’ objection, and after the evidence was heard, by written opinion and judgment rejected the plaintiffs’ demand at their cost, and dismissed their suit. From the judgment the plaintiffs have appealed.
Appellee has filed a motion in this court to dismiss the appeal, in which it is alleged that this court does not have jurisdiction because plaintiffs’ suit is for the sum of $3,659.61, and that under Article 7, Section 10 of the Constitution of the State of Louisiana, this appeal should be to the Supreme Court of Louisiana. This article reads as follows:
“The Supreme Court shall have control of, and general supervision over all inferior courts and shall have further jurisdiction as follows:
******
“It shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances * *
*155 This court’s jurisdiction is provided for under Article 7, Section 29 of the Constitution of Louisiana, which reads:
“The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
The jurisdiction of an appellate court is determined from the amount in dispute at the time the case is submitted to the trial judge for decision. The amount in dispute at the time this case was submitted to the District Court for decision was the sum claimed in plaintiffs’ petition, or $3,659.61. This is evident by plaintiffs’ petition and also by their brief filed in the District Court. In this court plaintiffs, by brief, assert that the demand for $1,000 for damages and $765 for attorney’s fees was not recoverable under the facts established by the record.
The question presented to this court is whether or not plaintiffs can abandon a part of their claim here for the first time by statement in brief to reduce the amount involved in the suit to vest jurisdiction in this court. The jurisdiction of the appellate court is determined by the record when the suit is submitted to the District .Judge for decision, and if plaintiffs had reduced their claim to $1,994.61 before the judgment was rendered in the District Court, this court would have jurisdiction. The following authorities are decisive of the point:
“The subject matter in contest before and at time of rendition of judgment in trial court determines what court, if any, has appellate jurisdiction. Const.1921, art. 7, §§ 10, 29.
“A remittitur or acquiescence or admission or elimination of issue, made after court of original jurisdiction has rendered its judgment, does not affect question of appellate jurisdiction, but payment made or remittitur entered or admission of part of debt sued for, before case is submitted to trial court for decision, has the same effect on question of appellate jurisdiction as if amount paid or remitted or amount of debt admitted had never been sued for. Const.1921, art. 7, §§ 10, 29.” State v. Cook, 197 La. 1027, 3 So.2d 114.
“ * * * State ex rel. Western Union Telegraph Co. v. Judge [of Seventh Dist. Court], 21 La.Ann. 728; Zacharie v. Lyons, 22 La.Ann. 618; [C. E.] Girardey Co. v. City of New Orleans, 26 La.Ann. 291; Stubbs v. McGuire, 33 La.Ann. 1089; Denegre v. Moran, 35 La.Ann. 346; Guidry v. Garland, 41 La.Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, 42 La.Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges [of Fifth Circuit Court of Appeals], 48 La.Ann. 672, 676, 19 So. 617; State ex rel. Taylor v. Judges [of Court of Appeal], 107 La. 784, 32 So. 186; Borde v. Lazarus, Michel & Lazarus, 127 La. [122] 124, 53 So. 465; Wolf v. Thomas, 137 La. 833, 69 So. 269; Crawford, Jenkins & Booth v. Fisher, 144 La. [129] 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; City of New Orleans v. New Orleans Coal & Bisso Towboat Co., 168 La. 1093, 123 So. 724; Steeg Printing & Pub. Co. v. Auto-Lec Stores, Inc., 172 La. 565, 134 So. 746.
“It is settled also ‘beyond the possibility of doubt that although in an ap-pealable case, the plaintiff may render *156 the cause unappealable by making a remittitur before judgment, still he can not do so after judgment,’ or verdict. New Orleans, etc., Ry. v. McNeely, 47 La.Ann. 1298, 17 So. 798; Trenchard v. New Orleans Ry. & Light Co., 123 La. 36, 48 So. 575; State ex rel. Taylor v. Judges [of Court of Appeal], 107 La. 784, 32 So. 186; State ex rel. Orleans Ry. Co. v. Lazarus, Judge, 34 La.Ann. 864; State ex rel. Western Union Telegraph Co. v. Judge [of Seventh Dist. Court], 21 La.Ann. 728; Wolf v. [Fred.] Munzenheimer & Co., 14 La.Ann. 114; Le Blanc v. Pittman & Barrow, 16 La.Ann. 430; Guidry v. Garland, 41 La.Ann. 756, 6 So. 563.” Givens v. Yazoo & M. V. R. Co., 173 La. 372, 137 So. 66.
“ * * * Appellate jurisdiction in a case of this kind is not determinable by the sum which a defendant is condemned in the judgment to pay; rather, it is tested by the amount in dispute at the time the litigation is submitted to the trial court for decision. Crowell & Spencer Lumber Company v. Lynch, 157 La. 21, 101 So. 797; Chickasaw Wood Products Company v. Vail-Donaldson Company, 173 La. 59, 136 So. 87; Opelousas St. Landry Bank & Trust Company v. Fontenot, 173 La. 430, 137 So. 339; Hanover Fire Insurance Company v. Southern Amusement Company, Inc., 176 La. 631, 146 So. 316; State v. Cook, 197 La. 1027, 3 So.2d 114; Walker v. Fitzgerald, 214 La. 293, 37 So.2d 712. When the instant case was so submitted for decision the disputed amount, according to the record, was much in excess of this court’s jurisdictional minimum.” Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312, 313.
The above law will be applied to determine the question of jurisdiction in this case unless the record shows that the item of $1,000 for damages and the item of $765 for attorney’s fees are purely inflationary. If these items are inflationary, then the question of jurisdiction would be determined by the holding of the Supreme Court in Brantley v. Tugwell, 223 La. 763, 66 So.2d 800. In this last cited case, the Court held that attorney’s fees are riot recoverable in a civil action in the absence of statute or contract, except in case of conservatory writs where defendant succeeds in having writ dissolved on motion and not on defenses applicable to merits. The evidence in this case shows that the plaintiffs offered evidence of damages by reason of the delay of the defendant in paying them the amount they claimed due under the contract. They also offered evidence showing that they could not borrow money for their spring planting because of defendant’s nonperformance; and also trips to Abbeville to try to get the matter adjusted. In view of the fact that the principal demand is for the sum of $1,994.61, which they claim is-the amount of their money held by defendant, then any award for damages in excess-of this amount would exceed our jurisdiction of $2,000. Therefore, we hold that the amount involved in this suit is in excess of $2,000.
In view of the fact that the amount claimed by the plaintiffs at the time this case was submitted to the trial judge for decision was in excess of $2,000, this court does not have jurisdiction, but jurisdiction is vested in the Honorable Supreme Court.
However, we will not dismiss' the appeal, but will transfer the appeal to the Honorable Supreme Court of Louisiana.
For the reasons assigned, this appeal, by virtue of LSA-R.S. 13:4441, 13:4442, is ordered transferred to the Honorable Supreme Court of Louisiana, and the record is ordered to be filed in that court within sixty days from the date this judgment becomes final; otherwise, said appeal is to be dismissed; the costs of the appeal are to be paid by the appellant.