## SUCCESSION OF H. A. RENNEBERG.

Where the principal matter in dispute is the title to property shown by affidavit to be worth over $300, an appeal will lie to the Supreme Court, although the money demand and judgment in the case be for a less sum than $300.

The validity of a title claimed adversely to a succession administered by a curator cannot be inquired into in the form of a rule taken by the curator against such adverse claimant, to show cause why a sale of the property provoked by the curator should not be confirmed; a direct action is necessary.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*G. P. McPheeters*, for plaintiff in rule. *C. E. Schmidt*, for *Handlin*, defendant and appellant. *G. L. Bright*, for *Gernon*, appellant. *W. H. Hunt*, for Sheriff.

On motion to dismiss the appeal :

MERRICK, C. J. There is a motion in this case to dismiss the appeal. The case was commenced by a rule taken on the Sheriff to pay over to the curator $200, the proceeds of a lot sold by the Sheriff to *Michael Gernon*. *Gernon*, in answer to the rule, demands the return of the money, on the ground that the lot had been previously sold to *Handlin*. *Handlin* also excepts to the rule, and for answer sets up title in himself, alleging that he had bought the lot at a Constable's sale. *Handlin* annexes an affidavit stating the property to be over three hundred dollars in value, and both *Gernon* and *Handlin* appeal from a judgment making the rule absolute against them.

The judgment on the rule has the effect of the thing adjudged against *Handlin's* right to the property. And it is shown by the affidavit, (which is admissible in this court,) that the property is worth over $300. The appeal of *Handlin* is, therefore, well taken.

But if *Handlin* recovers, he takes from *Gernon* the same property, worth the same sum. The principal matter in dispute, viz, the title to the property, is, therefore, within the jurisdiction of this court, and it would seem that the appeal should bring up the whole case with all its issues and incidents, otherwise the

defendant, *Gernon*, may be condemned to pay the price and lose the property, or be driven to an action in warranty. 13 An. 592.

At all events, as the principal matter in dispute is before us, it will be time to consider what decree shall be rendered when the case shall have been argued on its merits.

It is ordered, that the rule be discharged.

LAND, J., absent.

On the merits :

DUFFEL, J. The curator of the succession of *H. A. Renneberg* took, on the 16th of February, 1860, a rule on the Sheriff of the parish of Orleans, to show cause why he should not pay to the curator the price of a lot of ground, $200, sold by him as depending on the said succession.

The rule was enlarged on the 24th of February, by making *W. H. Handlin* and *Michael Gernon* parties to the same.

*Gernon* answered, stating that he had, at the succession sale, become the purchaser of the property in question, but that *Handlin* had a prior title to the same property, and therefore, he asks that the $200 paid by him to the Sheriff be returned to him, unless his title be declared to be superior to the one claimed by *Handlin*.

*Handlin* also appeared, and excepted, on the grounds : 1st, that the allegations of the rule are too vague and indefinite ; 2d, that he cannot be proceeded against in this summary way ; and he adds, that should the foregoing exceptions be overruled, then, reserving the same, he claims title to the property by a prior Constable's sale, made to pay the taxes due by *H. A. Renneberg ;* he re-asserts his exceptions, by averring " that the validity of his said title cannot be inquired into in the present form of proceedings, and that the plaintiff in rule must resort to a direct action."

It appears from the minutes, that the rule taken on the 24th of February against *Handlin* and *Gernon* came up for trial on the 29th of the same month, and was taken under advisement ; and that, on the 9th of March following, the rule taken on the 16th of February against the Sheriff was made absolute, and the Sheriff ordered to pay over to the curator the $200, at the costs of the defendants.

*Handlin* and *Gernon* appealed.

It is in evidence for the purposes of this appeal, that the lot of ground in controversy is worth more than $300.

The transcript before us is properly certified, yet it does not appear that any evidence was introduced by either party, and we are, consequently, at a loss to comprehend how it can be asserted, without any evidence to that effect, that the appellants having joined on the trial of the rule on its merits, without requiring the prior action of the court on the exceptions, that they are precluded from now urging the same. *Non constat* that the rule taken on the 24th of February was tried and submitted on its merits ; the reverse would be naturally inferred, as the same was, in fact, submitted on the pleadings.

In our opinion, the District Judge should not only have made the rule of the 16th of February absolute as to the Sheriff, (the other parties having no interest in the distribution of that fund,) but should also have sustained the exceptions of *Handlin*, and dismissed *Gernon*.

It is, therefore, ordered, adjudged and decreed, that the rule made by the lower court on the 24th February, 1860, enlarging the prior rule of the 16th February,

1860, be discharged as to the appellants, at the costs of the succession of *H. A. Renneberg*, in both courts; and that the rights of the appellants, if any, remain unaffected by the judgment of the lower court, which, as to them, is hereby reversed.