(57 South. 895.)

Nos. 18,761, 18,709.

CENTRAL GLASS CO., Limited, v. NIAGARA
FIRE INS. CO. OF CITY OF
NEW YORK.

(Jan. 2, 1912. On Rehearing, March 11, 1912.)

*(Syllabus by the Court.)*

On Rehearing.

COURTS (§ 224*) — SUPREME COURT — JURIS-
DICTION OF AMOUNT.

Where the defendant, after issue joined,
admits owing a certain sum, leaving a sum less
than $2,000 in dispute at the time the judgment
is rendered, this court is without jurisdiction of
the cause.

[Ed. Note.—For other cases, see Courts, Dec.
Dig. § 224.*]

Appeal from Civil District Court, Parish
of Orleans; George H. Théard, Judge.

Action by the Central Glass Company, Lim-
ited, against the Niagara Fire Insurance
Company of the City of New York. Judg-
ment for plaintiff, and defendant appeals.
Dismissed.

Caffery, Quintero, Gidiere & Brumby, for
appellant. Lazarus, Michel & Lazarus and
David Sessler, for appellee.

PROVOSTY, J. This is a suit upon a fire
insurance policy, the policy in the standard
form. In addition to the amount of the in-
surance, plaintiff claims damages and at-
torney's fees; the latter claims being found-
ed upon Act 168, p. 226, of 1908. We give
this act in the margin.[1]

It requires insurance companies to make
payment within 60 days from notice of loss,
instead of as stipulated in the policy after
60 days from the adjustment of the loss,
under penalty of 12 per cent. damages on the
amount of the loss, and reasonable attor-
ney's fees; and it imposes upon the insur-
ance company the duty of furnishing the as-
sured a blank form for use in making the
proof of loss.

---

[1] See note at end of case.

Defendant is now willing to pay the insur-
ance, and contests only the claim for dam-
ages and attorney's fees. Defendant's re-
fusal to pay was based on the fact that the
officers of the plaintiff company had been
indicted on the charge of having procured
the building to be burned. After the crim-
inal case had been tried and the accused ac-
quitted, the defendant tendered the amount
of the policy; but plaintiff refused to accept
the tender, unless the damages and attor-
ney's fees were added.

Defendant contends that said act has no
application to policies which, like the one in
suit, were in existence before the passage of
the act; and contends, further, that attor-
ney's fees are not required by said act to be
paid in all cases, but only in cases where the
delay in paying was unjustifiable; and con-
tends, finally, that said act, if applied to
policies already in existence at the time of
its passage, would impair the obligations of
contracts, in that it would require the in-
surance company to furnish a blank form for
making the statement of the loss, which, by
the terms of the policy, it is not required to
do, and would change the point of departure
of the delay of 60 days, within which, under
the terms of the policy, the insured must
render a statement of the loss, from the date
of the fire to that on which the blank form
for making the proof of loss is furnished,
and, finally, would make the 60 days allowed
for payment of the insurance run from the
receipt of the proof of loss, instead of from
the adjustment of the loss, as stipulated in
the policy.

All these points were passed on by this
court in the case of Monteleone v. Insurance
Co., 126 La. 807, 52 South. 1032. The court
held that the act did apply to antecedent
contracts, and did not impair their obliga-
tion, as the changes made by it were merely
in the remedy for the enforcement of the
contract and not in the contract itself; and,

finally, that the allowance of attorney's fees was discretionary. Upon further consideration, we have concluded that the act does impair the obligation of the contract, and as this point disposes of the case we spare ourselves the trouble of considering the others.

There can be no denying that the act makes changes; the sole question must be as to whether the changes are in the contract itself, or merely in the remedy.

By the remedy, as distinguished from the obligation of the contract, we understand the means of judicially enforcing the contract. And by the Legislature having complete control over the remedy we understand that the parties cannot by their contract deprive the Legislature of its power to regulate the manner in which the power of the courts shall be exercised for the enforcement of contracts. For instance, cannot, by agreeing that their contract of lease shall be enforceable by distress for rent, deprive the Legislature of its power to abolish distress for rent. Cooley, Const. Lim. 349, 350. In other words, that parties cannot by their contract deprive the Legislature of its power to change the laws of the state.

But we do not understand that the Legislature has control over stipulations or conditions inserted in a contract as integral parts thereof, and not needing recourse to the judicial tribunals for being efficient. To allow the Legislature to change the contract in such features as these, existing solely by the will of the parties, and operating without need of any recourse to the judicial tribunals, would be to allow the Legislature to change or impair the contract of the parties. Even when such conditions and stipulations have come into the contract, not by express agreement, but merely as an effect of the existing law being read into the contract, they are beyond legislative control, if they have become integral parts of the contract.

Thus, as to a note already in existence, the Legislature cannot dispense with demand, protest, and notice for holding the indorser. Farmers' Bank v. Gunnell, 67 Va. 131. For other examples, see, also, Rose's Notes to Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529; Rubric, Limitations upon the General Rule.

In the case at bar, the stipulations and conditions in question exist solely by the will of the parties, and need no recourse to the judicial tribunals for their efficiency, and are integral parts of the contract, and important at that. The delay within which payment becomes due under a contract of insurance is as much an integral, vital part of the contract as the delay within which payment becomes due on a promissory note; and the conditions under which such payment becomes exigible are as much an integral, vital part of the contract as conditions in general are in contracts in general. If the Legislature could compel the insurance company to furnish a blank for use in making out the statement of loss, it could compel the company to furnish an expert for filling out the blank; in fact, if it be true that the proof of loss is a matter pertaining to the remedy over which the Legislature has complete control, the Legislature might dispense the insured altogether from making proof of loss; and, in like manner, if the 60 days delay for making payment is a matter pertaining to the remedy, the Legislature might dispense with the delay altogether, and require payment to be made at once, so that the payment would be due at once, without any proof of loss having been made.

We conclude that the said act, if applied to policies already extant at the time of its enactment, would be unconstitutional.

The judgment appealed from is affirmed, in so far as it condemns the defendant company to pay the amount of the insurance,

with interest from judicial demand, and costs up to the time the tender was made of the said amount, and is set aside, in so far as it condemns the defendant to pay damages and attorney's fees. Plaintiff to pay costs of appeal and all costs incurred subsequent to the tender.

## On Rehearing.

BREAUX, C. J. The defendant in the lower court admitted liability to the amount of $2,000, and counsel for plaintiff and counsel for defendant agree in the statement that on November 17, 1909, after issue had been joined in the case, a tender of the amount above stated was made to plaintiff company and by it declined.

The district court rendered judgment for $2,000, admitted, as just stated, as due, together with 12 per cent. damages and 15 per cent. fee of attorney; total, $540 over the $2,000 above mentioned.

This court has repeatedly decided that it would not assume jurisdiction of an amount less than $2,000, balance due after an admission that all other sums are due, and after a tender of the amount admitted during the pending of the suit.

The following are excerpted from decisions upon the subject:

The test is the amount in dispute at the date of the judgment in the district court.

By a reduction before judgment to an amount less than $2,000, the appellate court is without jurisdiction.

Appellate jurisdiction is always excluded when the only amount in dispute is reduced to less than the minimum limit of the court's appellate jurisdiction. State ex rel. Beauvais v. Judge, 48 La. Ann. 676, 19 South. 617; State ex rel. Western Union Tel. Co. v. Judge, 21 La. Ann. 728, and other decisions cited in Borde v. Lazarus, Michel & Lazarus, 127 La. 122, 53 South. 465, on the point here at issue.

The amount involved being over $500, but

130 LA.—8

not over $2,000, there is no reason not to transfer the cause, if the parties in interest desire, to the Court of Appeal.

It is therefore, ordered, adjudged, and decreed that the appeal is dismissed, at appellant's costs.

It is further ordered, adjudged, and decreed, if within 10 days the appellant files the required affidavit for the transfer of this case to be heard by the Court of Appeal, and usual showing is made that the case be transferred to that court, it be transferred. If no application be made for the transfer at the end of the delay stated, this judgment shall be final.

## NOTE.

An act relative to fire insurance; directing fire insurance companies to furnish blanks for proof of loss; providing the effect of failure to furnish same; requiring fire insurance companies to promptly adjust losses and to pay the amount due under their policies and specifying a penalty for failure to pay the amount due under their policies within sixty days after the receipt of proofs of loss from the insured; requiring copies of this act be furnished the assured which is to be considered a part of the policy contract; and declaring conditions in policies in violation of this act to be void and of no effect.

Section 1. Be it enacted by the General Assembly of the state of Louisiana, that whenever any loss or damage shall be suffered from this state from fire, by any person, firm or corporation, upon property insured under a policy of insurance of any fire insurance company doing business in this state, and notice of the fact that such loss or damage has occurred shall be given by the person, firm or corporation incurring the same, or the agent thereof, to the insurance company issuing such policy, or to the agent thereof nearest the place of loss, immediately after the date of such loss or damage— the limit to which reasonable time shall be mentioned in said policy and made a part thereof at the time of issuing the same, but the time fixed in the policy shall not be taken or construed to be a condition precedent to the right of recovery—then it shall thereupon become the duty of such insurance company to furnish to the person, firm or corporation incurring such loss or damage, such reasonable blank forms of statements and proofs of loss as such insurance company may desire to be filled out, in regard to the time, origin and circumstances of the fire causing such loss or damage, and the knowledge and belief of the insured touching the same, the lists and descrip-

tion and quantity of property destroyed or damaged, and of property saved, and the original cost of such property, and the cash value thereof at the time of the fire, the details as to possession, ownership, title, and incumbrances, and changes of title, use, occupation, location and exposure since the time of issuing such policy, if any, and other insurance, if any, and description and schedules in such policy.

Sec. 2. Be it further enacted, etc., that if any such fire insurance company shall fail, neglect or refuse to furnish blank forms of statements and proofs of loss to the insured, in case of loss or damage by fire, as provided in the preceding section, then such company shall be deemed to have waived the requiring of any statement or proofs of loss at the hands of such insured a person, firm or corporation, and upon suit brought upon such policy, such insurance company shall not be heard to complain of the failure of the insured to furnish any such statement or proofs of loss, any provision in any such policy of insurance to the contrary notwithstanding.

Sec. 3. Be it further enacted, etc., that whenever any loss or damage shall be suffered in this state from fire by any person, firm or corporation upon property insured under a policy of insurance of any fire insurance company doing business in this state, it shall be the duty of the fire insurance company that has issued the policy or policies upon receipt of proofs of loss from the assured, to pay the amount due under its policy or policies, within sixty days thereafter, or if the said proofs of loss are not satisfactory to the company, it shall be the duty of the company to proceed under the terms of the policy or policies to ascertain and adjust the amount of the loss and its liability under its policy or policies and to make payment of the amount due under the policy or policies to the insured within sixty days from the date upon which it received the proofs of loss offered by the assured, and should the company fail to pay, within said time the amount due the insured under the policy after demand made therefor, such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss, 12 per cent. damages on the total amount of the loss as may be determined by a court of competent jurisdiction together with all reasonable attorney's fees for the prosecution and collection of such loss; provided that whenever the insurance company shall pay to the insured within sixty days from the date upon which it received the proofs of loss offered by the assured the amount which its adjuster or agent has determined or admitted to be due, then in that case the insured shall only recover from the said insurance company the difference between the amount thus paid him and the amount judicially ascertained to be actually due under the policy together with 12 per cent. damages on said difference and all reasonable attorney's fees for the prosecution and collection of such loss.

Sec. 4. Be it further enacted, etc., that all fire insurance companies doing business in this state shall deliver to the insured with each policy issued a copy of this act which shall be considered as a part of the policy contract as full as if it were incorporated therein, and any condition in the policy contract in contravention with the provisions of this act will be void and of no effect.