(97 South. 796)

No. 26112.

## O'SHEE v. CHAUDOIR.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⊜⟝224(11)—**Test of appellate jurisdiction of Supreme Court stated.**

As a general rule, the amount claimed by plaintiff is the test of the appellate jurisdiction of the Supreme Court, if it does not appear that plaintiff's claims are purposely padded, but such rule does not apply if the whole or part of the amount claimed is admitted, and the sum actually in dispute does not exceed $2,000, exclusive of interest, as required under Const. 1921, art. 7, § 10.

2. **Courts** ⊜⟝224(11)—**Supreme Court held not to have jurisdiction of suit for specific performance involving dispute over item less than $2,000.**

Where the only issue in suit for specific performance was whether the cost of paving a street fixed at $527.42 was such an incumbrance as was legally chargeable to the vendor, the Supreme Court had no jurisdiction, though the purchase price ordered paid by the judgment exceeded $2,000.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Action by William O'Shee against Leon Chaudoir, with a demand in reconvention by defendant. From a judgment for defendant, plaintiff appeals. On motion to dismiss. Transferred to Court of Appeal.

Peterman, Dear & Peterman, of Alexandria, for appellant.

Hawthorn & Stafford, of Alexandria, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

On Motion to Dismiss Appeal.

BRUNOT, J. This suit grows out of a contract on the part of plaintiff to buy and on the part of defendant to sell, with warranty, a certain lot of ground situated in the city of Alexandria.

When the parties met to pass the deed, plaintiff had discovered that a mortgage for $557.50 was inscribed against the property, and that a contract for paving the street upon which the property faced had been completed, and a paving lien arising thereunder and affecting the property to be conveyed would sooner or later be recorded against it.

Plaintiff contended that the sum of the mortgage and of the assessment for paving should be retained out of the purchase price. Defendant agreed that plaintiff should retain a sum sufficient to pay the mortgage note and the accrued interest thereon, but denied liability for the paving. Upon the failure of the parties to reach an agreement fixing liability for the cost of the paving, the plaintiff filed this suit to compel specific performance of the contract, and for a judgment authorizing him to retain out of the purchase price the sums of the mortgage and of the assessment for the paving. The prayer of the petition is in part as follows:

"Wherefore, premises considered, petitioner prays: * * * that, after legal delays and due proceedings, there be judgment in favor of your petitioner, and against the said Leon Chauvoir, decreeing a specific performance of the contract entered into between them on the 14th day of April, 1923, and ordering the said Leon Chauvoir to sign a warranty deed to said property for the sum of $2,200 cash, out of which petitioner be allowed to retain enough to pay the above incumbrances; and that, in default of the said defendant executing said deed within a time to be fixed by the court, there be judgment herein authorizing the clerk of court to make said transfer upon his records."

Before answering the suit the defendant paid the mortgage note, and canceled the inscription of the mortgage. Defendant in his answer denied that a "certificate of indebted-

ness or paving lien or incumbrance of any kind arising thereunder has been filed for record in the clerk's office of Rapides parish, La., against his property"; he alleges "that the sole point at issue is which of the parties shall pay for the paving"; and, assuming the position of plaintiff in reconvention, he demands specific performance of the contract. The prayer of the answer is as follows:

"Wherefore defendant prays that the plaintiff be ordered to take the property described in his petition, and to turn over to this defendant the full purchase price therefor, i. e., $2,200, and prays that plaintiff be compelled to pay or to assume payment of the paving lien, which will be hereafter recorded against said property."

The case was submitted on an agreed statement of facts. The district judge rejected the plaintiff's demands; sustained defendant's reconventional demand; ordered plaintiff to accept a warranty deed to the property; and rendered judgment in favor of the defendant and against the plaintiff for $2,200.

From this judgment plaintiff has appealed.

The defendant has filed a motion in this court to dismiss the appeal, in which motion it is alleged that the only issue in the case "is which of the two parties, as between themselves, is bound for certain street paving assessed against the property, the amount of which is only $527.42."

## Opinion.

The pleadings and the agreed statement of facts disclose that neither the sale, the legality of the paving assessment, nor the title to the property are issues in the case, because it is admitted that the plaintiff wants to buy the property at the price stated in the contract of April 14, 1923, and the defendant wants to sell it to the plaintiff, with warranty, for that price; that defendant has a legal title to the property; that there are no incumbrances of record against it; and that all taxes due on it have been paid.

It is clear that the only thing in dispute between the parties is the cost of the paving, which is admitted to be $527.42.

[1] As a general rule the amount claimed by the plaintiff is the test of our appellate jurisdiction, if it does not appear that plaintiff's claims are purposely padded to give this court jurisdiction. But this rule does not apply if the whole or a part of the amount claimed is admitted, and the sum actually in dispute does not exceed $2,000, exclusive of interest.

Constitution 1921, art. 7, § 10; Stubbs v. McGuire, 33 La. Ann. 1089; Wilkins v. Gantt, 32 La. Ann. 929; State v. Conway, 35 La. Ann. 351; Girardey v. City of New Orleans, 26 La. Ann. 291; Borde v. Lazarus, Michel & Lazarus, 127 La. 122, 53 South 465; Hood v. Wise, 128 La. 731, 55 South. 355; Central Glass Co. v. Niagara Fire Ins. Co. of City of New York, 130 La. 221, 57 South. 895.

[2] Appellant contends that in this case the judgment condemns the plaintiff to pay the defendant $2,200, and that the appellate jurisdiction is determined by the judgment rendered. Appellant overlooks the plaintiff's admission that he owes the defendant $2,200, and prays for judgment ordering defendant to sign a warranty deed to the property upon his payment of the sum of $2,200 cash. Appellant relies upon Succession of Renneberg, 15 La. Ann. 661; Rhodes v. Black, 34 La. Ann. 406; Harris v. Deblieux, 115 La. 147, 38 South. 946; Cusachs v. Dugue, 113 La. 261, 36 South. 960; and Succession of Sangfried, 114 La. 878, 38 South. 593.

In all these cases, except the Succession of Sangfried, the plaintiffs asserted title to the property, and the test of the appellate court's jurisdiction was properly held to be the value of the property. In Succession of Sangfried the court properly held that "where the issues raised and determined in the district court involved an amount over $2,000,

exclusive of interest, the Supreme Court has jurisdiction."

In the case before us the only issue raised in the district court was whether the cost of paving a street, in the absence of a recorded certificate of indebtedness or paving lien, was such an incumbrance upon the abutting property as was legally chargeable to the vendor thereof.

As the sum actually in dispute in this case is $527.42, and this court has appellate jurisdiction in suits of this character only when the amount in dispute or the fund to be distributed shall exceed $2,000, exclusive of interest, this appeal is transferred to the Court of Appeal, Second Circuit. Appellant is to pay the costs of the appeal that was to this court.