(104 So. 59)

No. 27058.

### O'SHEE v. CHAUDOIR.

(March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Vendor and purchaser ⟜198—Sales; vendor required to pay for paving completed at time contract to be fulfilled.**

Where, at time contract for deed of sale was to be executed, paving of street abutting such property had been completed and approved by city ordinance, payment of cost of paving rested on vendor and not vendee.

2. **Courts ⟜92—Obiter dictum not binding.**

Obiter dictum is not binding on Supreme Court.

Case Certified from Court of Appeal, Second Circuit.

Action by William O'Shee against Leon Chaudoir. Judgment for defendant, and plaintiff appeals. Certified from the Court of Appeal, Second Circuit. Reversed and rendered for plaintiff.

Peterman, Dear & Peterman, of Alexandria, for appellant.

Hawthorn & Stafford, of Alexandria, for appellee.

BRUNOT, J. This case was before us in 1923, on appeal from the Thirteenth judicial district court, and the appeal was transferred to the Court of Appeal, Second Circuit, because, in disposing of a motion to dismiss the appeal, we found that the amount in dispute was only $527.46, and therefore this court was without jurisdiction to entertain the appeal. O'Shee v. Chaudoir, 154 La. 517, 97 So. 796.

158 LA.—11

It is now certified to us on the following statement of facts:

"Plaintiff, William O'Shee, was ready and willing on April 21, 1923, to execute a deed to the property involved in this suit under the promise of sale executed on April 14, 1923, provided he was permitted to retain enough money to pay the mortgage resting on the defendant's property, which mortgage amounted to $557.50 and was represented by a note for this amount with 8 per cent. interest from April 25, 1922, and which note was due and payable on April 25, 1923; and provided further that the said plaintiff be permitted to retain, out of the said purchase price above named, the further sum of $527.42 to pay for the paving on Vance avenue upon ·which the property bordered.

"The defendant, Leon Chaudoir, was likewise ready and willing to execute a deed to the property and was willing to permit the plaintiff to retain out·of the purchase price enough money to pay the mortgage note above described and interest thereon, but said defendant refused, and still refuses, to pay for the paving.

"It is admitted that since the institution of this suit said defendant has paid the mortgage note of $557.50 which was secured by mortgage resting upon said property, and that the said mortgage has been canceled from the records.

"In regard to the paving of Vance avenue, it is admitted that an ordinance accepting the bid of H. T. Clark, contractor, for the paving of this street, was introduced before the commission council of the city of Alexandria on September 16, 1922; that said ordinance was approved and passed on October 2, 1922; that on April 2, 1923, the city engineer reported to the said commission council that the work of paving Vance avenue had been completed by the contractor and recommended the· acceptance of said work; that on the same day, namely, April 2, 1923, Local Assessment Ordinance No. 168 was introduced before the commission council accepting the work done by H. T. Clark, contractor, in paving Vance avenue, and fixing the assessments due on cost of said paving against the various property owners abutting said street; that on April 20, 1923, said Ordinance No. 168 was passed and approved by the commission council of the city of Alexandria.

"It is further admitted that no certificate of indebtedness, nor any lien nor incumbrance of any nature arising out of the paving of Vance avenue, had been recorded in the clerk's office prior to April 21, 1923, nor up to the time of filing this suit."

The question submitted to us by the Court of Appeal is as follows:

"On the above statement of facts who should pay for the paving, the vendor or the vendee?"

[1] Our answer to this question is that the vendor should pay for the paving. The vendee contracted to purchase a lot of ground on a paved street. The mere fact that the street was paved enhanced the value of the property and, doubtless, influenced the vendee in negotiating for its purchase and in determining the price he was willing to pay for it. The vendee's situation is similar to one who contracts to buy an improved property, but, before the date upon which the deed of sale is to be executed, he discovers that there are outstanding but unrecorded liens for labor and material which affect the property and which are certain to be recorded within the time limit prescribed by law. Can any one successfully contend that, under these circumstances, the vendor could be legally absolved from satisfying the claims of these lien holders? We think not.

[2] This view is not in accord with the obiter dictum expressed in the opinion of this court in Etta Construction Co. v. Bruning, 134 La. 48, 63 So. 619. But this court has repeatedly held that mere obiter is not binding upon it. Moreover, this case is easily differentiated from the Etta Construction Co. v. Bruning Case. In that case the contract was let for the paving in February, 1909. The property was adjudicated to Bruning at public auction on January 28, 1909, the month preceding the letting of the contract for the paving, and the paving was not completed and accepted by the city until October 29, 1909, nine months after the property had been adjudicated to Bruning and more than seven months after Mrs. McBurney had formally deeded the property to him.

The cases in point, and which we approve, are Louisiana Improvement Co. v. M. & J. Macheca, 3 Orleans C. of A. 71; Barber Asphalt Co. v. Standard Brewing Co., 7 Orleans C. of A. 376; Egan Brothers v. F. Rivers Richardson, 10 Orleans C. of A. 194.

For these reasons the judgment of the district court is avoided and reversed, and it is now decreed that there be judgment in favor of plaintiff, William O'Shee, and against defendant, Leon Chaudoir, ordering the specific performance of the contract entered into between them on the 14th day of April, 1923; ordering the said Leon Chaudoir, within 10 days after this judgment comes final, to execute a warranty deed to the property described in said contract to William O'Shee for the sum of $2,200 cash, out of which the vendee shall retain $527.42, and the accrued interest thereon, necessary to pay and cancel the paving certificate recorded against said property, and in default of the execution of said deed within the time herein fixed that the clerk of court be authorized to make said transfer of property upon his records.

It is further ordered that all costs subsequent to the rendition of the judgment in the district court be paid by defendant.