(124 So. 141)

No. 29718.

**BURKE v. BURKE et al.**

June 17, 1929. Rehearing Denied Oct. 8, 1929.

Woodville & Woodville and Herve Racivitch, all of New Orleans, for appellants.

Feitel & Feitel and N. H. Polmer, all of New Orleans, for appellee.

LAND, J. On November 3, 1927, the Dan W. Feitel Bag Company, Limited, purchased at judicial sale, made in the present suit to effect a partition, lots 7 and 8 in square No. 454, First district of the city of New Orleans, and designated by municipal numbers 1325–27–29–31 South Claiborne street and 3011–13 Thalia street.

On January 23, 1928, the auctioneer executed a formal act of sale to said company, in which it is recited that, according to the certificate of the recorder of mortgages for the parish of Orleans, annexed to the act of sale, the property conveyed is free from all liens and incumbrances, except the inscriptions in the mortgage office book resulting from City Ordinance No. 9153, C. C. S., drainage, etc., on South Claiborne street, and from City Ordinance No. 9166, C. C. S., for paving South Claiborne street.

In the act of sale, it is mutually agreed between all the parties that, in view of the recordation of these ordinances, $4,000 should be held in hand and not distributed by the notary designated to draw the act of partition, until the court decided in proper proceedings whether the vendors should pay the paving bill or whether the purchaser should pay the same.

These lots adjoin each other, and each measures 31 feet 11 inches and 5 lines front on South Claiborne street; lot 8 forming the corner of South Claiborne and Thalia streets.

On January 25, 1928, the Dan W. Feitel Bag Company, Limited, filed a rule either to have the paving assessment paid in full by the vendors, and the paving liens canceled, or to have the amount of the paving assessment turned over and paid to said company, in order that it might assume all paving liens existing against the property.

The rule herein taken by the Dan W. Feitel Bag Company Limited, vendee, was made absolute in the lower court, and judgment was rendered decreeing that the paving liens

be paid in full by the vendors, defendants in rule, and that thereupon the liens recorded against the property be canceled. Defendants in rule have appealed.

Prior to the passage of Act 346 of 1926 there was no provision for the recordation of an ordinance so as to effect a paving lien, the only recordation authorized being that of the actual assessment fixed against the property by the city engineer's office after the completion of the paving.

This act, however, has no application to the present case, since the ordinance accepting the previous bid for the paving on South Claiborne street was passed June 9, 1926, and was not recorded until May, 1927. The act was not promulgated until August, 1926, and section 2, p. 716, expressly provides that its provisions shall not operate retroactively.

However, the adoption of the ordinance accepting the paving bid in this case was prior to the adjudication to the Dan W. Feitel Bag Company of this property on November 3, 1927, and, when the act of sale was passed January 23, 1928, the concrete foundation on South Claiborne street for the vitrified brick paving had been completed.

The law applicable to the present case is found in the case of the Louisiana Improvement Co. v. M. & J. Macheca, 3 Orleans App. 71. The doctrine announced in the Macheca Case is expressly approved by this court in O'Shee v. Chaudoir, 158 La. 321, 104 So. 59. On rehearing in the Macheca Case, at page 76, it is said:

"We are now of the opinion that the burden was imposed upon the property the moment the City Council, after submission of the question to the property owners of the paved section, entered into a contract for the paving. * * * At the time of the sale to defendants the work of paving was in progress if not completed, and the Canal Bank would have had to pay the paving claim, the property being already burdened. It is plain therefore that the burden *was one intended to be covered by the warranty clause of the act of sale.*

"The claim of the paving contractor, though actionable or enforceable upon registry, was still a complete burden on the property operating as a lien thereon from the instant the contract between the City and contractors was perfected."

Judgment of the Court of Appeal decreed that the paving be paid by the vendor.

The principle of law set forth in the Macheca Case was reaffirmed by the Court of Appeal in Barber Asphalt Paving Co. v. Standard Brewing Co., 7 Orleans App. 376, and Eagan Bros. v. F. Rivers Richardson, 10 Orleans App. 194.

The latter cases are also approved in O'Shee v. Chaudoir, 158 La. 321, 104 So. 59, and the doctrine announced in these cases must be considered as now settled and final.

Judgment affirmed.