Plaintiff instituted this suit under an alleged contract to furnish certain plumbing articles and the necessary labor to install the same in buildings owned by the defendant which are situated on his property in the town of Covington. He alleges that he furnished the articles at a cost of $198 and expended his labor to the extent of $70.55 for all of which he has not been paid. He accordingly prays for judgment against the defendant in the sum of $268.55.
In his answer to plaintiff's petition, defendant admits having entered into the contract sued on and specifically admits that plaintiff furnished plumbing material amounting to the value of $198, as alleged. He only denies owing the plaintiff $70.55 as claimed by him for labor. Assuming then the position of a plaintiff in reconvention, he alleges that following the signing of the contract, in the period between July 6 and July 10, 1945, plaintiff came upon the premises where the articles were to be installed to begin work; that incidental to the formation of the contract between them, plaintiff was submitted a sketch or floor plan, which showed the location of the fixtures and that shortly after plaintiff began his work it was discovered that he was not complying with the plans according to the sketch; that upon his remonstrating, plaintiff immediately withdrew from the job and without further notice placed his claim in the hands of an attorney for collection. Defendant then avers that he was forced to obtain the services of other men to complete the work at a cost of $100. He further avers that by reason of the delay in getting the work completed he lost the rent of his cabins during the months of July and August, 1945, and was obliged to return deposits which he had received, thus sustaining a further loss of $185. He accordingly prays for judgment in reconvention against the plaintiff in the sum of $285, subject to a credit of $198, the price of the fixtures for which he owes plaintiff.
There was judgment below in favor of the plaintiff allowing him $198 for the material furnished by him and which defendant admitted owing him for, and allowing him further the sum of $45 for labor. Defendant appealed and plaintiff has answered asking that the labor costs be increased to the sum originally demanded.
[1, 2] It is apparent that since the defendant admits owing the plaintiff the sum of $198 on the total demand for $268.55, the amount in dispute between them on the main demand is the sum of $70.55 and therefore this court is without jurisdiction to entertain the appeal on that demand. Constitution of 1921, art. VII, Sec. 29, O'Shee v. Chaudoir, 154 La. 517, 97 So. 796. Even though there is no motion to dismiss the appeal for lack of jurisdiction, the court will take judicial cognizance of the matter and has to give it its consideration. See Cavin v. Camus, La. App., 164 So. 645.
[3] Under art. VII, Sec. 1 of the Constitution of 1921, it is provided that "if there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand," but in this case it appears from the pleadings that the reconventional demand as well as the main demand is for a net sum that is less than the amount with *Page 99 
which the court is vested with jurisdiction on appeal. The demand as already noted in the prayer of defendant's answer is for $285, subject to a credit of $198, leaving the net amount in dispute on the reconventional demand of $87.
The court therefore being without jurisdiction of either demand, it follows that neither the appeal taken by the defendant nor plaintiff's answer to that appeal can be entertained and both will accordingly be dismissed.
For the reasons stated, it is so ordered.