BOLIN, Judge.
Arkla Industries, Inc. instituted this action for a declaratory judgment to determine the liability to the City of Shreveport for the paving of Grimmett Drive abutting the property sold by James H. Hoag to plaintiff. From a judgment in favor of plaintiff defendant has appealed.
The facts are not in dispute and were stipulated by the parties. On June 2, 1961, a contract was entered into whereby Hoag and Ingersoll Corporation agreed to sell to Arkla certain property fronting on Grim-mett Drive in Shreveport. Paragraph 3 of the contract entitled Representations, Warranties and Covenants „of HOAG and INGERSOLL states:
“(a) HOAG will furnish to ARKLA an abstract of title, certified to a current date, covering the properties described in paragraph “1(a)” hereof, and at the Closing (as referred to in paragraph 6 hereof) will convey the property by the usual form of warranty deed, free from any liens, mortgages or encumbrances.” * * *
As of June 2, 1961, the paving of that portion of Grimmett Drive abutting the subject property had been completed by the paving contractor except for some cleanup and touchup work. After signing this contract to sell, but before the deed was executed, both parties learned the paving had not been paid in full and the City of Shreveport would assess the owner, whomever it might be, for his share of the cost of the paving project. The contract of June 2, 1961, did not specify who should pay the paving assessment.
On June 23, 1961, the deed for the sale of the property from Hoag to Arkla was executed. The parties, being unable to agree as to who should bear the cost of paving, entered into a contract on the same date agreeing that Arkla would retain $6,362 out of the purchase price pending judicial determination of the party liable for the paving costs. Afterwards, on June 12, 1962, Ordinance No. 45 of 1962 of the City of Shreveport assessed abutting property owners for the paving which, upon recordation, created a lien against the property.
The trial court awarded judgment in favor of plaintiff declaring the debt for the paving of Grimmett Drive, abutting the property sold by defendant, should be paid by defendant and decreed_plaintiff entitled to apply the $6,362 withheld from the sale price to satisfy the lien.
The only issue presented in this case is which party is responsible for the cost of paving that portion of Grimmett Drive?
A similar factual situation was considered by the Louisiana Supreme Court in the case of O’Shee v. Chaudoir, 158 La. 321, 104 So. 59 (1925), in which the purchaser and seller entered into a contract to buy and sell on April 14, 1923. On April 21, 1923, both parties were ready and willing to close the sale except each contended the other should pay the cost of paving the street on which the property fronted. The paving was completed by the contractor on April 2, 1923, but it was admitted no certificate of indebtedness, lien or encumbrance was recorded in the clerk’s office prior to April 21, 1923. The sole issue decided by the court was who should bear the cost of the paving and this question was resolved against the vendor.
*596 The O’Shee case was followed and affirmed by the Supreme Court in Burke v. Burke, 169 La. 49, 124 So. 141 (1929).
Defendant cites the case of Etta Contracting Company v. Bruning, 134 La. 48, 63 So. 619 (1913). Referring to the Etta case the Supreme Court in O’Shee, supra, stated:
“This view is not in accord with the obiter dictum expressed in the opinion of this court in Etta Construction Co. v. Bruning, * * *. Moreover, this case is easily differentiated from the Etta Construction Co. v. Bruning Case.”
The Supreme Court based its differentiation on the fact that in Etta the paving contract was not let until after the property was sold to the vendee.
Defendant relies principally on LSA-R.S. 33:3306, which provides:
“ * * * A certified copy of the ordinance, levying the local or special assessments on the real estate should be filed with the Clerk of Court in the parish in which the municipality is situated, who shall forthwith record the same in the mortgage records of the parish, and when so filed and recorded, shall operate as a lien and privilege against all real estate therein assessed. * * * ”
Unquestionably in the instant case no perfected lien against the real estate was in existence until Ordinance No. 45 of 1962 was filed and recorded in accordance with LSA-R.S. 33:3306. But the question of when a lien was placed against the subject property is not the controlling factor in the case before us.
The pertinent issue presented in the instant case is to be determined by the interpretation of the contract entered into by the parties on June 2, 1961. Under the terms of this contract Hoag agreed to convey the property “free from any liens, mortgages or encumbrances”. We construe the quoted terms of the contract as a warranty to the vendee against the cost of the paving since at the time of the contract the paving was complete, except for cleanup and touchup work, and traffic was using the newly paved surface. The vendee had every right to believe he was buying property free of debt, whether it was a perfected lien or works which had been completed and which, in due time, would form the basis of a perfected lien. We hold such a debt is an “encumbrance” within the wording of the contract and the intent of the parties.
For these reasons the judgment of the district court is affirmed and costs are assessed against defendant.