STOULIG, Judge.
This appeal centers on the question of whether the vendor or vendee of a certain *393 piece of property should bear the burden of a paving assessment recorded subsequent to its sale for street improvements which had been completed prior to its sale. The vendee brought suit against the vendor, as well as against the recorder of mortgages, who was also made third-party defendant by the vendor, to recover the cost of the improvements. The lower court dismissed the demands against the recorder of mortgages and ordered the defendant-vendor, Henry F. Bonura, to pay to plaintiff-vendee, Hingle Brothers, Inc., the full sum of $1,153.36 plus legal interest from July 31, 1970, and to pay all costs of the proceedings. From that judgment the defendant-vendor has lodged this appeal.
The facts of the case are undisputed and are, briefly, as follows: On February 3, 1966, the Commission Council for the City of New Orleans passed Ordinance No. 3270 authorizing the paving of Aviator Street on which fronted lots A and B of Square 4 owned by Bonura. This ordinance of intent was filed for record with the Recorder of Mortgages for the Parish of Orleans on February 10, 1966, and was duly recorded in the records of his office. It contained the estimated total cost of the entire project ($25,468.00) but contained no approximate apportionment of the estimated costs to the individual owners. Pursuant to the ordinance, Aviator Street was paved during the year 1966.
On April 28, 1967, Bonura and Hingle entered into an agreement to sell the two lots on Aviator -Street for the price of $24,000.00. Approximately two months later, on July 24, 1967, acts of sale and resale whereby plaintiff acquired the property from Bonura were passed before Edmond G. Miranne, Notary Public.
On November 2, 1967, more than three months after the sale of the property was passed and more than six months from the date of the contract to sell, the City of New Orleans filed a paving lien in the mortgage office of Orleans Parish which was duly inscribed in Book No. 1247, folio 3. Notice of the paving assessment was sent to Bonura, who returned it to the City of New Orleans, which in turn sent it to Hingle, the current owner of the property. Failure of the parties to reach an agreement resulted in the filing of this lawsuit.
The resolution of the issues presented by this appeal, namely, who is responsible for the payment of the paving lien, poses for our consideration two covenants of the agreement to sell, the one pertaining to the off-site improvement charges and the other pertaining to the delivering of a merchantable title. Each of these shall be treated separately.
At the outset, it must be noted that a contract to sell, whose provisions do not contravene either a statutory declaration or public policy, itself becomes the law governing the rights of the parties in the contract of sale. More specifically, the agreement to sell is the contractual prototype controlling the rights and obligations of the parties, to which the terms of the act of sale must conform, unless subsequently varied by mutual consent.
Set forth in the subject contract to sell is the following declaration: “All recorded sewerage, utilities, street surfacing and other charges bearing against the property, as of this date to be paid by vendor.” With the exception of the term “vendor,” which is a typewritten insertion, this provision is a part of the printed form of the standard agreement.
Literally interpreted, this section of the instrument means that the vendor is obligated to pay these certain designated charges bearing against the property, which are of record as of the date of the agreement. Street surfacing costs is one of the enumerated charges.
Had this stipulation been omitted from the contract, the vendor nonetheless would have been required to pay these costs under his obligation to deliver a merchantable title to the property. Therefore it is a-needless reiteration of what the seller was *394 already obligated to do under another provision in the instrument. It is this redundancy of the vendor’s obligation which causes the uncertainty of responsibility existing between the parties.
In an attempt to give some meaning or substance to this part of the contract, over what is already required under the merchantability of title clause, counsel for the appellant has advanced a construction which does violence to the clear and explicit verbiage of the provision. He submits that it restricts the liability of the seller to only those charges as of record on the date of the agreement.
A mere reading of this segment of the instrument clearly refutes such a contention. It unequivocally provides that the vendor shall pay all recorded charges of the character designated bearing against the property, as of the date of the contract. It is silent as to the future imposition of such charges and does not limit the liability of the vendor only to those charges in existence and recorded as of the contract date. Mr. Bonura may well have intended to circumscribe his responsibility for such obligations to those of record on the date of the agreement to sell; however the contract which he signed and by which he is bound does not so provide.
The court therefore concludes that the legal import of this specific provision of the contract to sell is that the vendor obligates himself to pay those charges of the character designated bearing against the property as of that date. It does not restrict or limit the liability of the seller to only those public improvement assessments of record on the date in question. It has no effect on similar charges thereafter imposed and recorded, the seller being liable for their satisfaction under his obligation to deliver the buyer a clear and merchantable title free of all encumbrance.
Having found no legal significance attached to the public improvement provisions of the agreement other than that already existing under the merchantability of title clause, we must now determine liability for the street paving charges, under the circumstances of this case.
Admittedly, the paving lien was not imposed against the property until approximately three months after title had been conveyed to the purchaser. Under both the agreement to sell and the contract of sale, the vendor warranted the merchantability of the title to the property. Though no lien had been assessed, there was in existence and of record, at least some 14 months prior to the execution of both contracts, ordinances of the City of New Orleans authorizing the paving of Aviator Street, upon which the property fronted, together with an estimate of the total cost of the project. The approximate charges to each individual property owner was not set forth in the latter ordinance.
The filing of these ordinances coupled with the actual paving of the street covered thereby, created an encumbrance against the property which the vendor, under his duty to deliver a merchantable title, either had to remove by payment or exclude from his warranty. He did neither. These actions constituted an encumbrance in that they would later serve as the basis for the imposition of the lien assessment. The fact that the recorder of mortgages failed to reflect the recordation of these ordinances on his certificates, or that no specific lien had been filed as of the date of sale, does not destroy the character of these charges an an encumbrance adversely affecting the title to the property. Mr. Bonura knew that the City had paved the street during his ownership of the property; that his property fronting thereon would have to bear its proportionate share of the paving costs; that he had not paid these charges and eventually a paving lien would be filed against the property he was selling to Hingle Brothers, Inc. These factors substantiate the seller’s knowledge of the existence of the encumbrance against the property and of its inevitable *395 resolution into a lien, which would not materialize until after his transfer of ownership to the purchaser, because of his failure to previously satisfy these costs.
Although there is no case in our jurisprudence which is directly in point with the one at bar there is jurisprudence sufficiently apposite in certain important aspects to sustain the court’s conclusion that this charge constitutes an encumbrance for which the vendor is liable under his warranty of title.
The case of Arkla Industries, Inc. v. Hoag, 210 So.2d 594 (La.App.2d Cir. 1968), is particularly pertinent. There, as here, at the time of the signing of the contract to sell certain paving improvements had been made abutting the property which was the subject of the sale. Subsequent to the signing of the contract to sell, but prior to the execution of the deed of sale, the parties learned that the paving had not been paid in full. They were unable to agree as to who should bear the costs of the paving, but passed the act of sale with the vendee retaining a certain portion of the purchase price pending judicial determination of the issue. A lien was not created against the property until almost a year later with the filing by the City of Shreveport of an ordinance assessing the abutting property owners for the costs of the improvement.
The contract “to sell” in that case contained no specific clause relating to the paving assessment but did contain the following provision:
“ ‘(a) HOAG will furnish to ARKLA an abstract of title, certified to a current date, covering the properties described in paragraph ‘1(a)’ hereof, and at the Closing (as referred to in paragraph 6 hereof) will convey the property by the usual form of warranty deed, free from any liens, mortgages or encumbrances.’ * * ” 210 So.2d at 595.
In holding that the vendor must bear the burden of the paving costs the court stated at page 596 :
“The pertinent issue presented in the instant case is to be determined by the interpretation of the contract entered into by the parties on June 2, 1961. Under the terms of this contract Hoag agreed to convey the property ‘free from any liens, mortgages or encumbrances’. We construe the quoted terms of the contract as a warranty to the vendee against the cost of the paving since at the time of the contract the paving was complete, except for cleanup and touchup work, and traffic was using the newly paved surface. The vendee had every right to believe he was buying property free of debt, whether it was a perfected lien or works which had been completed and which, in due time, would form the basis of a perfected lien. We hold such a debt is an ‘encumbrance’ within the wording of the contract and the intent of the parties.”
In light of this court’s interpretation of the previously discussed pertinent provisions in the instant contract “to sell” we hold, for the reasons given, that the same result must be reached in this instance.
Regarding the allegations made against the recorder of mortgages the court does not feel that he is guilty of any acts which would make him liable for the costs of the paving. While it is true that the red paving ordinance certificate issued by the recorder of mortgages and annexed to the act of sale improperly omits any reference to the recordation of Ordinance No. 3270, there was also annexed to the act of sale a street paving certificate issued by the City of New Orleans, Department of Finance, Bureau of the Treasury, Paving and Lien Section, dated July 5, 1967, which described the property and stated: “No present street paving charges but Aviator subject to lien under Ordinance No. 3270 M.C.S. and paving certificates authorized by Ordinance No. 3271 M.O.B.” This information was in the possession of the notary as of the time of the act of sale though it appears that it was not exhibited to the parties at that time. In any event, *396 the lower court’s dismissal of proceedings against the recorder of mortgages, which was not seriously contested upon appeal, was proper and should not be disturbed.
For the reasons herein expressed the judgment of the lower court is hereby affirmed. Costs are to be borne by defendant-appellant.
Affirmed.