360 So.2d 225 (1978)
James A. STANLEY, and Marie Ann Wright Stanley, wife of James A. Stanley
v.
ORKIN EXTERMINATING COMPANY, INC.
No. 12037.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
*226 Mike J. Balen, Covington, for plaintiffs-appellants.
Nathan T. Gisclair, Jr., New Orleans, for defendant-appellee Orkin.
Howard R. Fussell, Covington, for third party defendant-appellee Madge Glasscock Owens.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Query: is a purchaser of immovable property, who agrees in a written purchase agreement to buy the property, subject to an unrecorded written lease, bound by the terms of the lease when he subsequently purchases the property without any mention of the lease in the act of sale? Such is the question presented for review by plaintiffs-landowners' (James A. Stanley and Marie Ann Wright Stanley) appeal from an adverse judgment in an eviction proceeding against the tenant, Orkin Exterminating Company, Inc. Orkin answered the appeal, seeking an increase in the damages for wrongful seizure awarded by the trial court.
The record reveals the following pertinent facts. On May 4, 1970, Orkin and D. A. Faherty, Jr., d/b/a Faherty & Company, who was then the owner of the subject property on Collins Boulevard in Covington, Louisiana, entered into a written lease. The lease provided for fixed rental payments of $260 per month for an initial term of ten years, with two successive five year options to renew. The lease was not recorded.
Faherty subsequently sold the property to John D. Owens, Sr., who in turn sold the *227 property to his mother, Mrs. Madge Glasscock Owens. Both Owens and his mother orally acknowledged the Orkin lease and accepted the monthly rent payments from Orkin, who attorned to their rights as landlord.
In early 1976, Owens, as agent for his mother, began negotiations to sell the property. Plaintiff, James A. Stanley, who owned the adjoining property, was contacted and ultimately entered into a written purchase agreement to buy the Owens' property. The purchase agreement provided, inter alia: that the purchase price was $27,500; that the sale was conditioned on Stanley obtaining the necessary financing; that the property was sold subject to a lease; and that the act of sale was to be passed on or before April 30, 1976. Stanley wrote the phrase "Note Lease Agreement to Orkin" on the line indicating that the sale was subject to a lease. Stanley also gave Mrs. Owens the sum of $400 as a deposit.
The testimony reveals that Stanley was unable to get a loan and that nothing further was done for several weeks. During this period, Owens on behalf of his mother tried unsuccessfully to sell the property to others. Owens later returned to Stanley, whereupon it was agreed that Mrs. Owens would finance the entire purchase price of the property. Mrs. Owens retained Stanley's deposit, without protest, throughout the entire transaction.
An act of sale, conveying the property from Mrs. Owens to plaintiffs, was passed on July 6, 1976. No mention of the lease was contained in the act of sale. In fact, the testimony reflects that no mention was made at the time of the act of sale by any of the parties that the property was being sold subject to the lease.
Subsequent to the act of sale, Stanley notified Orkin that he wanted to renegotiate the lease and that the new monthly rental would be $450. No new lease was entered into, but Orkin paid Stanley $450 for three months and then reverted to the $260 per month rate.
On April 21, 1977, plaintiffs instituted this suit to evict Orkin and to recover allegedly past due rent, representing the difference between the $260 per month rent paid and $450. Plaintiffs also obtained a writ of sequestration on Orkin's movable property located on the premises.
Orkin answered, contending that it was occupying the premises under a valid lease which had been assumed by plaintiffs; reconvened for the excess rent paid beyond the $260 per month lease provision, and for damages and attorney's fees occasioned by the wrongful issuance of the writ of sequestration; and filed a third party demand against Mrs. Owens for damages, resulting, in the event of eviction, from the payment of rent in excess of $260 per month during the remainder of the term of the lease and the two options to renew.
The trial judge, relying on the express terms of the purchase agreement, the testimony of Stanley, Owens and Mrs. Owens, and the presumed intentions of the parties, found that Stanley had purchased the property subject to the existing lease. The trial court rendered judgment in favor of Orkin: dismissing plaintiff's suit; dissolving the writ of sequestration; and awarding damages and attorney's fees in the amount of $250. The third party demand against Mrs. Owens was dismissed.
Plaintiffs contend that the trial court's decision is contrary to the laws of registry, i. e. the "Public Records Doctrine," and must be reversed.
However, we find that the doctrine is not applicable under the instant factual situation, inasmuch as the basis for holding that plaintiffs are bound by the lease is plaintiffs' contractual assumption of the obligations of the lease, rather than the lease's recordation vel non. See LSA-C.C. art. 2019; Comment, 29 La.L.Rev. 101, 108 (1968).
Next, plaintiffs contend that the silence of the act of sale regarding the lease proves conclusively that the sale was not intended to be subject to the Orkin lease.
*228 We reject this contention. The mere silence of an act of sale does not preclude proof of an obligation arising from a valid prior or contemporaneous agreement between the parties, e. g. the purchase agreement. Primeaux v. Bennett Homes, Inc., 339 So.2d 1251 (La.App. 1st Cir. 1976); Smith v. Succession of Johnson, 185 So.2d 603 (La.App. 1st Cir. 1966), writ denied, 249 La. 487, 187 So.2d 451 (1966); Segari v. Uchello, 44 So.2d 722 (La.App. Orl. Cir. 1950). Compare Hingle Brothers, Inc. v. Bonura, 248 So.2d 391 (La.App. 4th Cir. 1971).
Stanley agreed, in the purchase agreement, to buy the property subject to the lease. He testified that he knew Mrs. Owens intended to sell subject to the lease and acknowledged that he was given a copy of the lease at the signing of the purchase agreement. He now defends a sale free from the lease on the grounds that he only intended to honor a "legal" lease, meaning a recorded lease.
We do not find this argument persuasive. The apparent intent of the parties throughout this entire transaction was that the property was to be sold subject to the Orkin lease. We find this intention expressly stated in the purchase agreement and impliedly agreed to in the subsequent transactions between the parties. As such, this agreement, by Stanley, to assume the obligations of the lease and to purchase the property subject to the lease, was properly enforced. LSA-C.C. art. 2019. See LSA-C.C. arts. 1811, 1817, 1818 and 2683.
We find that the trial court's factual determination, that the property was purchased subject to the lease, is correct.
Orkin answered this appeal, seeking an increase in the award for damages and attorney's fees. We find that the trial court's award is adequate in view of the "constructive" nature of the seizure. We find no abuse of discretion.
For the above reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.