GARRISON, Judge.
This is an appeal from a judgment which maintained defendant B & L Enterprises’ exception of no cause of action and dismissed plaintiff’s suit for failure to amend his petition to disclose a cause of action. We reverse and remand.
Wilbert Roth purchased immovable property from B & L Enterprises for $12,000.00 on January 25, 1977. The act of sale was passed before F. Robert Porter, notary. The $12,000.00 check was made out to the notary, with the understanding that he would pay any existing liens and then give the rest of the money to the seller, B & L. Apparently, B & L got its share of the money, but Porter failed to pay the outstanding liens, which totalled $5,239.50. Plaintiff Roth ultimately had to pay these liens, and sued B & L and Porter seeking return of that amount from them. B & L filed an exception of no cause of action. The trial court maintained the exception and gave plaintiff ten days to amend his petition to state a cause of action. In de *682 fault of such an amendment, the petition was dismissed with prejudice, and Roth appeals.
Because Porter was never served with the lawsuit, the only defendant before this court is B & L. It is clear from the petition that plaintiff has a cause of action against Porter, but the question before us is whether he also has a cause of action against B & L. Considering, as we must, only the well-pleaded allegations of fact in the petition and the documents attached thereto, we conclude that plaintiff’s petition does state a cause of action against B & L Enterprises.
The pertinent portions of plaintiff’s petition are as follows:
“(3) Upon information and belief, plaintiff alleges that defendant Porter was engaged by defendant B & L Enterprises to pay off any existing liens against the property sold to plaintiff.
“(4) On the date of the act of sale, plaintiff tendered to defendant Porter a check in the amount of $12,000, payable to the said defendant Porter, with the understanding that the sum due on the liens would be paid by defendant Porter, with the balance of the purchase price to be turned over to defendant B & L Enterprises, Inc. A copy of the check is attached: ‘P-2’.
“(5) Since the purchase, plaintiff has been notified that the liens were not paid, and plaintiff has now become obligated for their payment, in the amount of FIVE THOUSAND TWO HUNDRED THIRTY-NINE AND 50/100 DOLLARS ($5,239.50).
“(6) Plaintiff now seeks the return of the amount due on the liens from the defendants, under the warranty contained in the act of sale.”
We agree with plaintiff that these allegations state a cause of action for a principal’s liability for the acts of its agent. Further, reading the petition in conjunction with the copy of the act of sale attached thereto, plaintiff has stated a cause of action under the vendor’s implied warranty to deliver title free of encumbrances. See Hingle Bros., Inc. v. Bonura, 248 So.2d 391 (La.App. 4th, 1971).
For the reasons above, therefore, we reverse the judgment of the district court, and remand the case for further proceedings in due course.

REVERSED AND REMANDED.