PROFESSIONAL MASSAGE THERAPY, INC. D/B/A THE RETREAT
vs.
MISSION STREET, L.L.C. AND SUPERIOR HEALTH AND FITNESS L.L.C.
No. 2007 CA 0341.
Court of Appeal of Louisiana, First Circuit.
November 7, 2007.
ROBERT RYLAND PERCY, III, G DALLON BUSH, II, Attorney for Plaintiff/Appellee, PROFESSIONAL MASSAGE THERAPY.
DONALD R. RICHARD, JR, Attorney for Defendant/Appellant, SUPERIOR HEALTH AND FITNESS, L.L.C.
STEVEN A DEBOSIER, Attorney for Defendant/Appellee MISSION STREET, L.L.C.
Before GAIDRY, MCDONALD and MCCLENDON, JJ.
MCDONALD, J.
Lessor appeals a judgment from the Twenty-third Judicial District Court awarding damages to its lessee after the purchaser of the leased property attempted to evict lessee during the term of the lease. For the following reasons, the judgment of the trial court is affirmed.
In the summer of 2001, construction of a health and fitness club began in Gonzales, Louisiana, subsequently known as Superior Health and Fitness, L.L.C. (Superior). Shortly thereafter, Julie Schexnaydre, President of Professional Massage Therapy, Inc. d/b/a "The Retreat" (Retreat) began negotiating with representatives of Superior to lease space in the health club. Eventually, it was decided that Retreat would incur the cost to finish or "build out," the space Retreat wanted to lease. Retreat entered into a contract for the build out for $70,000.00, which sum was obtained by placing a mortgage on immovable property owned by Ms. Schexnaydre. Retreat signed a lease agreement with Superior effective February 1, 2002, for a period of 7 and a half years at $1,550.00 per month; however, Retreat was to pay $550.00 per month, with a credit of $1,000.00.[1] Additionally, as part of the lease agreement, Retreat was to provide four gift certificates every month for 30-minute massages to Superior members, as well as a $5.00 discount on massage services for Superior members. The lease was not recorded in the public records.
In December 2004, Superior sold the property to Mission Street, L.L.C. (Mission Street). Retreat paid, and Mission Street accepted, rent in January, February, and March 2005. In March 2005, Mission Street informed Retreat that it was increasing the rent. At that time, Retreat advised Mission Street of the $70,000.00 investment that it had made in the property and the terms of the lease. Rent checks in the amount of $550.00 for April, May, and June were tendered to Mission Street; however, they were not negotiated.[2] On June 10, 2005, Retreat received an eviction notice. Thereafter, Retreat filed suit against Mission Street and Superior, praying for a preliminary injunction directed to Mission Street, prohibiting it from interfering with Retreat's right to occupy the subject premises, and a declaratory judgment in favor of Retreat and against Mission Street enforcing the lease. In the alternative, in the event the court found the lease unenforceable against Mission Street, Retreat prayed for judgment against Superior for the amounts invested in finishing and improving the subject property.[3]
Following a status conference where counsel for all parties were present, a bench trial order was issued setting cut off dates for amended pleadings, discovery and motions, and setting the matter for trial on June 15, 2006. When the matter was called for trial on June 15, 2006, counsel of record for Superior was not present. However, counsel did appear on behalf of Superior, and advised that he had been unable to contact his client and requested a continuance. The matter had been discussed in chambers, with counsel present. For the record, objections to the continuance were made by both Retreat and Mission Street and reasons given for the objections. Exhibits were also introduced. A recess was called to allow counsel to attempt to reach representatives of Superior. Thereafter, the continuance was denied and the trial proceeded. At the close of testimony, the matter was taken under advisement, with the trial court allowing counsel to submit post-trial memoranda.
On June 23, 2006, the trial court filed written reasons into the record and rendered judgment denying injunctive relief and ordering Retreat to vacate the premises owned by Mission Street within thirty days of the signing of the judgment unless an agreement was reached for occupancy; ordering judgment in favor of Mission Street and against Professional Massage Therapy, Inc. in the amount of $21,987.42, together with reasonable attorney fees to be set at a later date; ordering judgment in favor of Professional Massage Therapy, Inc. and against Superior Health & Fitness, L.L.C. in the amount of $34,000.00 for the balance owed on the mortgage on the improvements, $21,675.00 for the difference between the monthly lease payment to Superior and the monthly lease payment for Professional Massage Therapy's new lease space for thirty-four months, $21,987.42 for reimbursement for the amount due to Mission Street for its lost additional revenue during the pendency of the proceedings, and reimbursement for the attorney fees awarded to Mission Street as stated in the judgment, together with all costs of the proceedings.
Superior has appealed the judgment alleging two errors by the trial court: (1) in denying the motion for continuance and (2) in finding that Mission Street was not bound by the lease.
A continuance rests within the sound discretion of the trial court, and may be granted in any case if there is good ground therefore. La. C.C.P. Art. 1601. Ballard v. Waitz, 06-0307, (La. App. 1st Cir. 12/28/06), 951 So.2d 335, 338; writ denied 07-0846 (La. 6/15/07), 958 So.2d 1193. The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance. Id. Absent a clear abuse of discretion in granting or denying a continuance, the ruling of the trial court should not be disturbed on appeal. Id. Although the trial court did not specify on the record the reasons for denying the continuance, considering the objections of counsel, the evidence submitted regarding the facts surrounding the issue, and the presence of competent counsel acting on behalf of Superior, we do not find that it was an abuse of the trial court's discretion to deny the continuance.
Superior further argues that "[t]he evidence clearly preponderates that Mission Street had knowledge of a lease, accepted lease payments under the terms of the lease, and accepted benefits of the lease" and the trial court was clearly wrong in holding that Mission Street was not bound by the lease. We agree with the above factual assertions. However, these facts do not support the legal conclusion urged by Superior. We have carefully reviewed the law and record in this matter. We note the trial court reviewed the applicable law and considered the case of Stanley v. Orkin, 360 So.2d 225 (La. App. 1st Cir. 1978), relied upon by Superior, as well as other jurisprudence on the issue. We agree with the well-written reasons and legal conclusion of the trial court. Under the facts of this case, the lease between Superior and Retreat was not binding on Mission Street.
Moreover, the trial court made the factual finding that Mission Street had no knowledge of the lease agreement, i.e., the terms of the lease, before the sale and it did not accept the lease in its dealings with Superior, as distinguished from Stanley. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State Dept. of Transportation and Development, 617 So.2d 880, 882 (La. 1993). Our review of the record does not support a finding that the trial court was manifestly erroneous or clearly wrong, and this factual finding precludes Mission Street from being bound by the lease.
For the foregoing reasons the judgment appealed is affirmed, and this opinion is issued in accordance with URCA Rule 2-16.1 B. Costs are assessed against Superior Health and Fitness, L.L.C.
AFFIRMED.
NOTES
[1] According to testimony, the $1,000.00 credit per month was to be used to pay the mortgage incurred by Ms. Schexnaydre until such time as the mortgage was paid off.
[2] The parties subsequently agreed that rent of $550.00 would be accepted by Mission Street, without prejudice to its legal position that the lease was not binding on it.
[3] A supplemental and amending petition was later filed by Retreat alleging Superior was obligated to it for additional damages and loss to be proved at trial.